PAUL B. LUSSIER, JR., ADMINISTRATOR (ESTATE OF GAYE D. LUSSIER) *v.* DEPARTMENT OF TRANSPORTATION (14698)

PETERS, C. J., CALLAHAN, BERDON, KATZ and PALMER, Js.

Argued October 28, 1993—decision released January 25, 1994

*Robert B. Keville,* with whom were *Thomas B. Wilson* and, on the brief, *Eugene K. Swain,* for the appellant-appellee (plaintiff).

*Michael P. Carey,* with whom, on the brief, was *Michael E. Driscoll,* for the appellee-appellant (defendant).

KATZ, J. This defective highway action poses two questions for the court: (1) whether a defect in the civil summons form listing the defendant as the state of Connecticut, department of transportation, deprives the court of subject matter jurisdiction when (a) the complaint caption identifies the defendant as the commissioner of transportation, (b) the commissioner of transportation is named as the party responsible for highway maintenance, (c) his office accepts service of process, and (d) the statutory notice is sent to the commissioner of transportation; and (2) whether the statutory notice, which itself did not give the exact location of the patch of ice on which the decedent lost control of her vehicle, but which was supplemented by more precise information contained within an affidavit submitted by the plaintiff, can survive a motion to dismiss?

The following allegations are undisputed for the purposes of this appeal. The plaintiff, Paul B. Lussier, Jr., administrator of the estate of Gaye D. Lussier, by complaint dated December 31, 1991, alleged that on Janu-

ary 11, 1990, at approximately 7:35 a.m., the plaintiff's decedent, Gaye D. Lussier, had been driving her 1989 Toyota in a southerly direction on route 617 in North Stonington when her vehicle, at a point on route 617 where the highway crosses the Shunock River, left the travel lane and, due to icy conditions, struck guardrails on the northbound side of the highway. The complaint further alleged that the vehicle proceeded to slide down an embankment on the east side of route 617 and flipped over, finally coming to rest on its roof in the river below. The force of the collision resulted in injuries that made it impossible for the decedent to escape from her disabled vehicle, thereby causing her to drown in approximately one and one-half feet of water. The plaintiff alleged that the defendant, Emil H. Frankel, or a predecessor, was the commissioner of transportation of the state of Connecticut (commissioner) at the time of the accident and that it is the commissioner's duty pursuant to General Statutes § 13a-144[1] to keep

---

[1] General Statutes § 13a-144 provides: "Any person injured in person or property through the neglect or default of the state of any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel or, in case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the superior court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. Such action shall be tried to the court or jury, and such portion of the amount of the judgment rendered therein as exceeds any amount paid to the plaintiff prior thereto under insurance liability policies held by the state shall, upon the filing with the comptroller of a certified copy of such judgment, be paid by the state out of the appropriation for the commissioner for repair of highways; but no costs or judgment fee in any such action shall be taxed against the defendant. This section shall not be construed so as to relieve any contractor or other person, through whose neglect or default any such injury may have occurred, from liability

and maintain in a reasonably safe condition all highways, bridges and sidewalks in the state highway system. The plaintiff alleged that the decedent's injuries and resulting death had been proximately caused by the negligence and carelessness of the commissioner in that he had breached this statutory duty in one or more ways.[2]

Although the caption of the complaint read: "Paul B. Lussier, Jr., Administrator of the Estate of Gaye D. Lussier vs. Emil H. Frankel, Commissioner of Trans-

to the state; and, upon payment by the comptroller of any judgment rendered under the provisions of this section, the state shall be subrogated to the rights of such injured person to recover from any such contractor or other person an amount equal to the judgment it has so paid. The commissioner, with the approval of the attorney general and the consent of the court before which any such action is pending, may make an offer of judgment in settlement of any such claim. The commissioner and the state shall not be liable in damages for injury to person or property when such injury occurred on any highway or part thereof abandoned by the state or on any portion of a highway not a state highway but connecting with or crossing a state highway, which portion is not within the traveled portion of such state highway. The requirement of notice specified in this section shall be deemed complied with if an action is commenced, by a writ and complaint setting forth the injury and a general description of the same of the cause thereof and of the time and place of its occurrence, within the time limited for the giving of such notice."

[2] Specifically, the plaintiff alleged: "(a) Route 617 in which the decedent was travelling was covered with ice hence the road was hazardous for vehicular traffic;

"(b) There was no attempt made to sand or salt said Route 617 or take any other steps so as to render said portions safe for vehicular traffic;

"(c) In that no signs or other warning devices had been erected to warn approaching motorists of the dangerous and hazardous conditions then and there existing;

"(d) In that the highway was not reasonably safe for purposes and uses intended;

"(e) In that the defendant knew, or in the exercise of reasonable care and inspection, should have known, of the conditions and remedied and corrected same;

"(f) In that the ice conditions had existed for a sufficient period of time so that the defendant knew or should have taken measures to remedy and correct them, but failed to do so."

portation of the State of Connecticut," the writ of summons listed the named defendant as the "State of Connecticut, Department of Transportation, by serving the Commissioner of the Department of Transportation, Emil H. Frankel, 24 Wolcott Hill Road, Wethersfield, CT 06109." Service of the complaint was made on Jane S. Scholl, associate attorney general, and Linda Laporte, senior clerk at the office of the commissioner, department of transportation, state of Connecticut.

On February 6, 1992, counsel for the state of Connecticut, department of transportation (department), entered a general appearance. On May 14, 1992, the department moved to dismiss the complaint on the grounds that the action was barred both under the doctrine of sovereign immunity and because of defects in the required statutory notice. The trial court rejected the department's claim that the statutory notice lacked sufficient specificity, but agreed that by failing to name the commissioner of transportation as the defendant in the summons, the plaintiff had failed to sue the appropriate party pursuant to § 13a-144. The trial court, therefore, dismissed the complaint.[3] It is from this judgment that the plaintiff appealed.

On appeal, the plaintiff claims that in a civil action seeking damages for the wrongful death of the plaintiff's decedent, brought under the defective highway statute, where the complaint named the defendant as Emil H. Frankel, commissioner of transportation of the state of Connecticut, but the summons listed the "defendant" as "State of Connecticut, Department of Transportation, by serving the Commissioner of the

---

[3] After the dismissal of this action, the plaintiff commenced a new action against the commissioner of transportation, entitled *Paul B. Lussier, Jr., Administrator (Estate of Gaye D. Lussier)* v. *Emil H. Frankel, Commissioner of Transportation,* Docket No. CV-92-0525125S, which is pending in the Superior Court in New London. The defendant in that case has moved to dismiss that action.

Department of Transportation, Emil H. Frankel, 24 Wolcott Hill Road, Wethersfield, CT 06109," the trial court should not have dismissed the complaint for lack of subject matter jurisdiction on the ground of sovereign immunity. The department filed a cross appeal and claimed that the trial court had improperly concluded that the notice was not patently defective.[4] We agree with the plaintiff on his claim and reject the department's alternate ground for affirmance.

I

The department claimed that because the civil summons form listed the defendant as the "State of Connecticut, Department of Transportation," this was a defect that stripped the court of subject matter jurisdiction. Specifically, the department maintained that § 13a-144 requires that claims arising from accidents on public roads be brought against the commissioner. Because the commissioner had not been named as the defendant in the summons, the department argued that the trial court was without subject matter jurisdiction. The plaintiff, on the other hand, argued that the failure to name the commissioner as the defendant in the summons was a mere circumstantial defect that did not affect the court's jurisdiction over the claim, and, therefore, that the caption of the complaint and the

---

[4] The department also makes this claim as an alternate ground for affirmance pursuant to Practice Book § 4013, which provides in pertinent part: "(a) At the time the appellant sends a copy of the endorsed appeal form and the docket sheet to the appellate clerk, the appellant shall also send the appellate clerk an original and one copy of the following:

"(1) A preliminary statement of the issues intended for presentation on appeal. If any appellee wishes to (A) present for review alternate grounds upon which the judgment may be affirmed . . . that appellee shall file a preliminary statement of issues within fourteen days from the filing of the appellant's preliminary statement of the issues."

Both the plaintiff's appeal and the department's cross appeal were transferred from the Appellate Court to the Supreme Court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

allegations contained therein were sufficient to bring the case within the strictures of § 13a-144.

It is undisputed that the commissioner was properly named in the complaint, that the department was served, and that statutory notice had been provided to then commissioner of transportation, J. William Burns.[5] The department argues, nevertheless, that the defect in the civil summons form that identified the commissioner of the department "as an agent for service" served to strip the trial court of subject matter jurisdiction. We disagree.

Section 13a-144 constitutes only a limited waiver of the state's sovereign immunity in cases involving alleged highway defects. *Lacasse* v. *Burns,* 214 Conn. 464, 468–70, 572 A.2d 357 (1990). Furthermore, because the statute constitutes a break with common law, it must be strictly construed. *DeFonce Construction Corp.* v. *State,* 198 Conn. 185, 188, 501 A.2d 745 (1985), superseded by statute as stated in *Ducci Electrical Contractors, Inc.* v. *Department of Transportation,* 28 Conn. App. 175, 611 A.2d 891 (1992). Once its immunity has been waived, however, the state will be treated "in a manner identical to any other litigant, except for the taxation of costs . . . or the award of prejudgment interest when a defendant has failed to

---

[5] General Statutes § 52-64 provides: "Service of civil process in any civil action or proceeding maintainable against or in any appeal authorized from the actions of, or service of any foreign attachment or garnishment authorized against, the state or against any institution, board, commission, department or administrative tribunal thereof, or against any officer, servant, agent or employee of the state or of any such institution, board, commission, department or administrative tribunal, as such, may be made by leaving a true and attested copy of the process, including the declaration or complaint, with the attorney general or at his office in Hartford."

Both the attorney general, who is authorized to accept service for the department, and a clerk at the office of the commissioner of the department were served.

accept an offer of judgment equal to or less than the amount recovered." (Citations omitted.) *Lacasse* v. *Burns,* supra, 469.

This case presents a classic example of a common defect in process involving the designation of the defendant. The plaintiff argues that the name of the defendant was merely stated incorrectly while the department maintains that the plaintiff correctly stated the name of the wrong person or entity as the defendant. These two different categories of defects, though easily confused, are readily distinguished. The first, involving a defendant designated by an incorrect name, is referred to as a "misnomer." It is a circumstantial defect anticipated by General Statutes § 52-123[6] that can be cured by amendment. A misnomer must be distinguished from a case in which the plaintiff has misconstrued the identity of the defendant, rather than the legal nature of his existence.

When the correct party is designated in a way that may be inaccurate but which is still sufficient for identification purposes, the misdesignation is a misnomer. Such a misnomer does not prevent the exercise of subject matter jurisdiction if the defendant was actually served and knew he or she was the intended defendant. This is in contradistinction to the case in which the plaintiff has misconstrued the identity of the defendant and has therefore named and served the wrong party. The issue, then, is "whether a misnomer is a designation of the right party in a way which may be inaccurate but which is still sufficient for identification purposes or whether the wrong person has been designated as a party." 1 E. Stephenson, Connecticut

---

[6] General Statutes § 52-123 provides: "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court."

Civil Procedure (2d Ed. 1970) § 105e, p. 433. Whether the plaintiff has misconstrued the identity of his or her intended defendant or merely the intended defendant's legal name or nature is a question that may be answered only after all the circumstances have been examined. See *World Fire & Marine Ins. Co.* v. *Alliance Sandblasting Co.,* 105 Conn. 640, 643, 136 A. 681 (1927).

It is undisputed that the state can act only through its officers or agents; *Horton* v. *Meskill,* 172 Conn. 615, 623, 376 A.2d 359 (1977); and that the highway commissioner, as a representative of the state, is the party upon whom the legislature intended to impose legal responsibility under § 13a-144. *White* v. *Burns,* 213 Conn. 307, 326, 567 A.2d 1195 (1990) ("[t]he commissioner . . . is the *only one* upon whom is imposed the duty to repair under § 13a-144") (emphasis in original); *Perrotti* v. *Bennett,* 94 Conn. 533, 542, 109 A. 890 (1920). The plaintiff acknowledges the commissioner's responsibility and argues that the commissioner was indeed the party identified and served. Relying on *Pack* v. *Burns,* 212 Conn. 381, 385–86, 562 A.2d 24 (1989), both before the trial court and on appeal, the plaintiff argues that it was "evident" that he had "intended" to sue the commissioner. We agree.

In *Pack* v. *Burns,* supra, this court held that § 13a-144 had been satisfied where the plaintiff named the "State of Connecticut Transportation Commission" as the defendant and served the individual authorized to receive service for the commissioner. As in *Pack* v. *Burns,* supra, 386, the statutory notice involved herein had been furnished and directed to J. William Burns, then commissioner of transportation. Further, service of the process that began the action was made at the office of the commissioner, the party ultimately responsible for highway maintenance, and not solely at the attorney general's office. Finally, in both cases, the

complaints stated that "[t]he *commissioner of transportation* is responsible for the maintenance of all highways, bridges and sidewalks . . . and it is the duty of such *commissioner* to keep and maintain the highways, bridges and sidewalks in a reasonably safe condition." (Emphasis added.) As in *Pack* v. *Burns,* supra, we find the facts of this case to be persuasive evidence that the plaintiff intended to sue the commissioner.[7]

Moreover, there is no claim that the commissioner had not received actual notice of the institution of the action, that he did not know that he was the proper defendant in the action, or that he had been misled to his prejudice. In *Pack* v. *Burns,* supra, the plaintiff named a nonexistent entity. Rather than assume that the plaintiff intended to sue a nonexistent commission, we read the named entity to be a designation of the proper party in a way that, although inaccurate, was still sufficient for identification purposes. We fail to see the wisdom of the department's position that we should find a defect circumstantial when a nonentity has been named, as in *Pack* v. *Burns,* supra, but should decline to do so in this case, where the proper party, Emil Frankel, has been noticed, served, named in the complaint caption, identified as the responsible party within the text of the complaint, and correctly listed on the summons as agent for the department, which indeed he is. The designation of the department is a defect in the summons that constitutes a misnomer and falls

[7] "The summons is the notice to the defendant that an action has been commenced against him and a direction to him to appear and defend. The giving of the summons is accomplished by 'service' of the writ, accompanied by the complaint." 1 E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 18, p. 60. Service of process without the complaint is, however, a nullity. *Galvin* v. *Birch,* 97 Conn. 399, 400, 116 A. 908 (1922). Therefore, although we are aware of the significance of the summons, when faced with a motion to dismiss, we caution against relying exclusively on alleged defects in the summons to determine intent when the complaint and notice are clear and unambiguous.

squarely within the purview of § 52-123.[8] We conclude, accordingly, that the trial court should not have dismissed the complaint on the basis of sovereign immunity. Consequently, we must address the department's cross appeal or alternate ground for sustaining the judgment.

## II

The department claims that the trial court should have granted its motion to dismiss because of a defective notice. A few additional undisputed facts are necessary to resolve this claim. The plaintiff in this case alleged that a notice of claim had been mailed to the commissioner. Attached to the complaint as exhibit A was the notice, addressed to William J. Burns, commissioner of the department of transportation, stating: "In compliance with Sec. 13a-144 of the Connecticut General Statutes the following notice is being reported to you.

"On January 11, 1990, at approximately 7:40 a.m. Gaye D. Lussier was killed from injuries received in a one car accident that occurred on rte. 617 (Also known as the rte. 49 access rd. in the town of North Stonington, CT.).

"Operator Lussier lost control of her vehicle due to icy road conditions. Vehicle['s] bumper after striking the guard rails caused vehicle to flip over down an embankment coming to rest upside down in the Shunock River."

We recently had occasion in *Warkentin* v. *Burns*, 223 Conn. 14, 610 A.2d 1287 (1992), to address the notice requirement of § 13a-144 and do not hope to improve

[8] Because we hold that the summons contained a mere misnomer or circumstantial defect, it is not necessary for us to decide whether a suit against the state of Connecticut, department of transportation, is a suit against its commissioner that would survive a motion to dismiss for failure to comply strictly with General Statutes § 13a-144.

upon that discussion today. As we remarked in *Warkentin*, § 13a-144 created a new cause of action not authorized at common law, in derogation of sovereign immunity. The notice requirement contained in § 13a-144 is a condition precedent which, if not met, will prevent the destruction of sovereign immunity.

"The 'requirement as to notice was not devised as a means of placing difficulties in the path of an injured person. The purpose [of notice is] . . . to furnish the commissioner with such information as [will] enable him to make a timely investigation of the facts *upon which a claim for damages [is] being made.*' (Emphasis added.) *LoRusso* v. *Hill,* 139 Conn. 554, 557, 95 A.2d 698 (1953); *Schaap* v. *Meriden,* 139 Conn. 254, 256, 93 A.2d 152 (1952); see *Murray* v. *Milford,* 380 F.2d 468, 473 (2d Cir. 1967). The notice requirement is not intended merely to alert the commissioner to the occurrence of an accident and resulting injury, but rather to permit the commissioner to gather information to protect himself in the event of a lawsuit. *Morico* v. *Cox,* 134 Conn. 218, 223, 56 A.2d 522 (1947)." *Warkentin* v. *Burns,* supra, 18. "The purpose of the requirement of notice is 'to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection.' *Cassidy* v. *Southbury,* 86 Conn. 45, 49, 84 A. 291 [1912]; *Sizer* v. *Waterbury,* [113 Conn. 145, 156, 154 A. 639 (1932)]; *Christian* v. *Waterbury,* 123 Conn. 152, 155, 193 A. 602 [1937]. Unless a notice, in describing the place or cause of an injury, patently meets or fails to meet this test, the question of its adequacy is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case." *Morico* v. *Cox,* supra.

The trial court held that the notice provided by the plaintiff was not patently defective. Although descriptions of the extent of the alleged ice covering, its exact location, the point at which the vehicle left the roadway and the location of the guardrails into which the vehicle collided were omitted, the court held that a reasonable jury could find that the notice was sufficient to allow the commissioner to make an intelligent inquiry.

The department argues that in denying its motion to dismiss for a defective notice of claim, the trial court made findings totally inconsistent with its ultimate decision that the notice was adequate. The trial court found that "several important details relating to the exact location of the alleged ice, the point at which the vehicle left the roadway, and the location of the guardrails into which the vehicle collided" had been omitted. Despite these comments and the trial court's added remark that the notice was "unclear as to the extent of the alleged ice covering," it found that the notice was not patently defective.

The department claims that in reaching its ultimate decision, the trial court relied on information which was not made apparent from the notice itself: that the person in the accident died at the scene and without any witnesses to the accident. This information was discovered, the department asserts, in documentation submitted by the plaintiff in response to the department's motion to dismiss. The department also maintains that the trial court applied a "contextual" standard to uphold the notice, an approach the department asserts this court has disavowed.

We agree with the department that when the adequacy of notice is at issue, there is no relaxed standard exception in death cases. Notices of claim should not be judged by different standards depending upon the

extent of the injury. The purpose of § 13a-144 "is to allow the commissioner to protect himself against claims, that protection should apply equally to claims for injury to persons or property and claims for death." *Warkentin* v. *Burns,* supra, 20. Had the trial court herein applied a different standard of construction to the notice requirement in determining whether the plaintiff had complied with § 13a-144 because the accident had resulted in a fatality, it would have been without authority. The trial court, however, did not do that. While the trial court may have inaccurately articulated the applicable standard, we conclude that it was not incorrect in determining, as a matter of law, that the notice given in this case was sufficient.

Immediately prior to its comment that precision is especially difficult when the accident victim dies without another witness to the tragedy, the trial court quoted from *Judd* v. *New Britain,* 81 Conn. 300, 70 A. 1028 (1908), in support of the notion of "reasonable definiteness." " 'It is obvious that in many cases exactness of statement as to place cannot be expected, for the excitement and disturbance caused by the accident . . . make it impossible to observe with any carefulness the place where the accident occur[red], and often the person injured is unable to revisit the places within the time allowed by the statute for the giving of notice. In such cases reasonable definiteness is all that can be expected or should be required.' " Id., 304, quoting *Tuttle* v. *Winchester,* 50 Conn. 496, 498 (1883).

There are many circumstances when precision will be difficult, if not impossible to achieve, including but not limited to those when the person in the accident dies. Such precision is, therefore, not essential in order to comply with § 13a-144. The notice need not "be expressed with the fullness and exactness of a pleading." *Delaney* v. *Waterbury & Milldale Tramway Co.,* 91 Conn. 177, 181, 99 A. 503 (1916). Under § 13a-144,

the notice must provide sufficient information as to the injury and the cause thereof and the time and place of its occurrence to permit the commissioner to gather information about the case intelligently. *Bresnan* v. *Frankel,* 224 Conn. 23, 26, 615 A.2d 1040 (1992).

The notice involved herein did not "patently . . . [fail] to meet this test." *Morico* v. *Cox,* supra, 223. The road in question is only three-tenths of one mile long. The notice recites that the car landed in the Shunock River and that the river crosses under route 617 at only one place. Unlike other cases wherein notice was found to be deficient; *Bresnan* v. *Frankel,* supra ("Route 14A, Plainfield, Connecticut," without further reference to any point along this six mile long road); *Schaap* v. *Meriden,* supra, 257 ("near the edge of a manhole cover" with no other information directing the defendant to any particular one of the numerous manholes found to have existed in the area); *Moffett* v. *Burns,* 18 Conn. App. 821, 559 A.2d 1190, cert. denied, 212 Conn. 806, 561 A.2d 947 (1989) (notice describing location of accident as "Route 109, New Milford, Connecticut 06776"); *Ozmun* v. *Burns,* 18 Conn. App. 677, 679, 559 A.2d 1143 (1989) ("in the vicinity of the Ensign Bickford Company between the traffic lights"); the notice given here set forth sufficient facts to fulfill the statutory requirement. The plaintiff filed and served the affidavit of Trooper Gary Butters which indicated that route 617 is a short road of approximately three-tenths of one mile in length. The police report was also appended to the trooper's affidavit. The department argues that the notice cannot be supplemented with information from third party sources. In *Bresnan* v. *Frankel,* supra, 27, we stated that the statutory notice must be furnished by the injured party directly through his representative and that information from third party sources cannot cure defects in the notice. By that statement we did not mean to, nor do we today, sug-

gest that the court cannot consider affidavits submitted pursuant to Practice Book § 143 which allows a party objecting to a motion to dismiss to file "supporting affidavits as to facts not apparent on the record." Such information may be admissible, not as a substitute, but rather to educate the court in determining whether the notice itself was sufficient. The plaintiff is not required to be a cartographer in order to be able to describe adequately to the commissioner the location of the defect. The commissioner must be able to investigate, and the court must be able to ascertain, the feasibility of that endeavor. It is with that latter purpose in mind that we read § 143 to allow the plaintiff to submit to the court the affidavit and police report containing undisputed facts. *Barde* v. *Board of Trustees,* 207 Conn. 59, 60, 539 A.2d 1000 (1988). Accordingly, we affirm the trial court's decision on the question of notice.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion PETERS, C. J., CALLAHAN and PALMER, Js., concurred.

BERDON, J., concurring. I concur in the result.