[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant's Motion to Dismiss the Complaint dated April 1, 1994 is granted.
According to the complaint itself, the plaintiff, L. Suzio Asphalt Company, Inc., has failed to comply with the notice requirements of General Statutes § 49-42 et. seq. Notwithstanding the remedial purpose of the statute, the court's reading of the statute and cases cited by both parties compels the conclusion that compliance with this notice requirement is a mandatory prerequisite and that dismissal of the complaint is appropriate under the circumstances. Lewin Supply Co., Inc. v.R. E. Petersen, Inc., 1992 WL 48705 (Conn.Super.). See alsoG. R. Cummings Co. v. AMI Industries, Inc.,5 Conn. L. Rptr. 227 (1991); Okee Industries, Inc. v. National Grange MutualInsurance Co., 6 Conn. L. Rptr. 380 (1992), reversed on other grounds, 225 Conn. 367 (1993). Cf. Lussier v. Department ofTransportation, 228 Conn. 343, 354 (1994).
The court finds that at the August 30, 1994 hearing, plaintiff failed to prove that the general contractor engaged in actual or constructive fraudulent concealment. The facts are susceptible to other interpretations. Significantly, persuasive evidence was produced that the general contractor had knowledge that the 180 requirement of § 49-42 et seq. even CT Page 8961 existed at the time in question.
In light of the remedial nature of § 49-42, see, e.g.,Okee Industries, Inc., supra, the court views this result as somewhat harsh, but compelled by the statute and the cases interpreting the statute.
DOUGLAS S. LAVINE JUDGE, SUPERIOR COURT