[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS (#103)
The plaintiff in this case has brought this appeal from a dismissal of her sexual harassment complaint against her former employer, A.D.P. Corporation, from the State of Connecticut Commission on Human Rights and Opportunities ("CCHRO").
On October 16, 1995, the defendant, A.D.P. Corporation, filed a motion to dismiss (#103) alleging that the plaintiff has not CT Page 707 strictly complied with the requirements of General Statute § 4-183. On October 26, 1995, the plaintiff filed a memorandum in opposition to the motion to dismiss. On October 26, 1995, the defendant A.D.P. Corporation then filed a reply to the plaintiff's memorandum in opposition.
The plaintiff in this case made service pursuant to General Statutes § 4-183(c)(1). This statute allows the plaintiff appealing an administrative agency decision to make service via "United States mail, certified or registered, postage prepaid, return receipt requested, without use of a sheriff or other officer . . . ." In administrative appeals, a "citation" is nothing more than a "writ of summons." Tolly v. Department of Human Resources,225 Conn. 13, 18, 621 A.2d 719 (1993). "[Thus, a] proper citation is essential to the validity of the appeal and the jurisdiction of the court. . . ." (Alterations in original.) Simko v. Zoning Boardof Appeals, 205 Conn. 413, 420, 533 A.2d 879 (1987). That is not the case here. Service made pursuant to General Statutes § 4-183
(c)(1) does not require a citation. Tolly v. Department of HumanResources, supra, 21. Service made pursuant to § 4-183(c)(1) takes the place of the citation.
The plaintiff in this case made proper service upon the CCHRO, and it cannot be claimed by the defendant that the CCHRO was not; properly named in a citation. See Affidavit, filed October 6, 1995, and accompanying exhibits. The fact that the plaintiff did not name the defendant CCHRO in the caption of the appeal is not fatal, especially since the heading of the appeal indicates that it is an "Appeal of Commission on Human Rights and Opportunities Final Decision Dated July 5, 1995." (Emphasis omitted.) See General Statutes § 52-123; Lussier v. Department of Transportation,228 Conn. 343, 352, 636 A.2d 808 (1994). Moreover, service under § 4-183
(c)(1) named the CCHRO, the appeal was served on the CCHRO, and the actions of the CCHRO have been identified in the body of the appeal. Lussier v. Department of Transportation, supra, 352. The court recommends, however, that the plaintiff avail herself of Practice Book § 176(c) and amend the caption of her appeal to include the CCHRO. The court does not deny that the agency is a necessary party under General Statutes § 4-183 (c), but the CCHRO in this case is already a party.
The defendant's additional claims are without merit. The court finds that the fact that the plaintiff filed an affidavit of service, pursuant to General Statutes § 4-183 (d), later than fifteen days after the appeal was filed did not cause prejudice to CT Page 708 any party or to the agency. General Statutes § 4-183 (d); see alsoGlastonbury Volunteer Fire Association. Inc. v. FOIC, 227 Conn. 848,855-56, 633 A.2d 305 (1993) (referring to the discretion afforded the court under § 4-183 (d)). Where, as here, timely service was made on all parties and the agency, the court finds that the discretion given to the court also applies to a late filing of the affidavit under § 4-183 (d), and not just for failure to make service on parties other than the agency. See Tolly v.Department of Human Resources, supra, 225 Conn. 27-28. Even if the court does not have discretion under § 4-183 (d), the court finds that a late filing of an affidavit does not implicate subject matter jurisdiction. Only a failure to make service on the agency within the statutory forty-five day period, pursuant to § 4-183 (c), will deprive the court of subject matter jurisdiction. Id. Therefore, the court refuses to exercise its discretion to dismiss the appeal, as a dismissal is unwarranted. Also, a "writ of summons" does not have to be served with the appeal for the reasons stated above. Service was made under § 4-183 (c)(1) so a "citation" is not needed.
For the reasons set forth above, the motion to dismiss is denied.