[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION TO CORRECT THE NAME OF ONE OFTHE DEFENDANTS
After the close of evidence in this case, the plaintiff moved to correct the name of one defendant from Spicer's, Inc., which is described in the summons as a Connecticut corporation, to Spicer's Marinas, which was described in testimony as a general partnership.
The sheriff's return in this case states that he made service was made on Spicer's, Inc. by serving its president, William Spicer, III. William Spicer, III, testified that at all relevant times: he has been president of Spicer's, Inc., as well as a general partner in Spicer's Marinas; he and the estate of his deceased brother have been the only stockholders in Spicer's, Inc.; he and the estate of his deceased brother have been the only partners in Spicer's Marinas; he has been the only person participating in the management of Spicer's Marinas; and, he was served with a copy of the complaint in this action.
Mr. Spicer further testified that: Spicer's Marinas (the partnership) operates a marina in Noank, Connecticut, under the trade name Spicer's Noank Marina; he learned the plaintiff had been injured at the Noank marina in the summer of 1993; and, the plaintiff had entered into a boat slip rental CT Page 1793 contract for the summer of 1993 with Spicer's Noank Marina.
All of the matters testified to by William Spicer, III, which are described above, are hereby found as facts.
A counterclaim was filed in this case by "Defendants, Spicer's, Inc., et al," which alleges that the plaintiff breached his boat slip rental contract with Spicer's Noank Marina, thereby implying that Spicer's Noank Marina was a trade name of one of the original defendants.
Interrogatories which were served by the plaintiff on "the Defendant" were answered under oath by William Spicer, III, under a certification of which the following is an excerpt: "This is to certify that I, William C. Spicer, III, the Defendant in the above matter . . ."
Thus, William C. Spicer, III: is the president of the corporate defendant Spicer's, Inc.; is the only general partner who participates in the management of Spicer's Marinas, the general partnership which the plaintiff has moved to substitute as a defendant; signed, under oath, answers to interrogatories in this case, and therein described himself as a defendant; and, as president of the corporate defendant, presumably authorized the filing of the counterclaim in this case which seeks damages against the plaintiff for breach of the contract between the plaintiff and Spicer's Marinas, the general partnership which the plaintiff wants to substitute as a defendant in this case.
From these facts the court infers and finds that William C. Spicer, III, has treated Spicer's, Inc., Spicer's Marinas and himself interchangeably in regard to the plaintiff and this case.
Because William C. Spicer, III, treated the corporation, the general partnership and himself interchangeably, the court finds that plaintiff's similarly treating them interchangeably is a matter of misnomer, which can be cured by amendment.Lussier v. Dept. of Transportation, 228 Conn. 343 (1994). For that reason, the plaintiff's motion in that regard, dated January 22, 1996, is granted.
Levine, J. CT Page 1794