[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The plaintiff Constance Wrona, Administratix brings this action against the defendant Palmer Paving Corporation and the defendant Herb Holden, Inc. alleging negligence by each entity in causing a highway accident which resulted in the death of Marie A. Reaviel.
This incident allegedly occurred on August 17, 1996. Suit was commenced by service of process on May 28, 1998. The return day of the complaint was June 23, 1998. The defendant Palmer Paving Corp. served an apportionment complaint on James F. Sullivan, Acting Commissioner of Transportation on August 24, 1998. The apportionment complaint was served within the 120 days period from the return day, as provided by General Statutes §52-102b.
The apportionment complaint against the Commissioner claims in essence his neglect and failure to maintain the public highway, to wit Route 44 in the Town of Ashford. General Statutes § 13a-144 permits such actions to be brought, provided that notice has been given to the Commissioner within 90 days after the date of the injury. The third party complaint contains no allegation that notice was given by anyone to the Commissioner in accordance with the provisions of General Statutes § 13a-144.
The defense of sovereign immunity may be raised in a motion to dismiss an action against the state. It is well established law that the state is immune from suit unless it consents to be sued by appropriate legislation waiving sovereign immunity in certain prescribed cases. Duguay v. Hopkins,191 Conn. 222, 227 (1983). As concerns the giving of notice "They go to the very existence of the action, which in the absence of compliance with the requirements of the statute does not exist at all." Until such notice is given no right of action exists. Statev. Aetna Casualty Surety Co., 138 Conn. 363, 367 (1951). The notice requirement contained in § 13a-144 is a condition precedent which, if not met, will prevent the destruction of sovereign immunity. Lussier v. Department ofTransportation, 228 Conn. 343, 354 (1994).
It is not disputed in the instant action that no one gave notice to the Commissioner, as required by General Statutes §13a-144, so as to "prevent the destruction of sovereign immunity." Lussier, supra. Although the plaintiff may have had the procedural right to assert a claim against the Commissioner with 60 days of the return date of the apportionment CT Page 15012 complaint (General Statutes § 52-102b(d), he did not do so. To have done so would obviously be an exercise in futility, as no claim is capable of being pursued against the Commissioner because of the absence of the requisite notice mandated by General Statutes § 13a-144.
The Commissioner moves to dismiss the apportionment complaint against him, asserting that the claim against him is barred by sovereign immunity. The Commissioner is correct in this contention as sovereign immunity deprives the court of jurisdiction, as aforesaid.
The defendant/apportionment plaintiff Palmer Paving Corporation contends, however, that because it, the defendant, does not seek damages against the Commissioner, but merely "apportionment", the notice provisions of General Statutes §13a-144 are inapplicable.
The contention of the defendant is specifically rejected by the terms of the apportionment statute. General Statutes §52-102b(3) states: "No person who is immune from liability shall be made an apportionment defendant nor shall such person's liability be considered for apportionment purposes pursuant to section 52-572h." Furthermore, the Supreme Court has repeatedly stated that General Statutes § 52-572h, which allows apportionment in negligence actions does not apply to the highway defect statutes. "(Section 52-572h does not apply to actions for personal injuries based on General Statutes § 13a-149 [the highway defect statute because liability] under Section 13a-149
is purely for a breach of statutory duty and does not arise from negligence)." Bhinder v. Sun Co., 246 Conn. 223, 232
(1998); Lukas v. New Haven, 184 Conn. 205, 212 (1981). Additionally, the concept of a division ofresponsibility between the commissioner and a third party would be inconsistent with the long established principle of law that to establish liability against the Commissioner it must be demonstrated that the failure of the Commissioner was thesole proximate cause of the injuries. Leitkowskiv. Norwich, 125 Conn. 49, 51 (1938).
The defendant is at liberty, at trail, to present whatever evidence it deems appropriate to totally defend against any claims that it was negligent, or that any such negligence was a proximate cause of the injuries sustained by the plaintiff, or by producing evidence that the conduct of others may have been the CT Page 15013 sole proximate cause, or may have been a superceding cause of the accident. That opportunity, however, does not give rise to a right in the defendant to pursue an apportionment claim against the Commissioner of Transportation under the circumstances alleged herein.
For the reasons set forth herein the motion to dismiss the Apportionment Complaint against the Commissioner is granted.
L. Paul Sullivan, J.