[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ORDER
The defendant's (the Commissioner of Transportation) motion to dismiss the claims against him is granted since this court lacks subject matter jurisdiction over the same. The doctrine of sovereign immunity bars the common law actions for negligence and nuisance against the defendant and the action does not fall within the ambit of the defective highway statute, General Statutes § 13a-144.
General Statutes § 13a-144, the defective highway statute, covers "any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair . . ." This statute should be strictly construed. Babes v.Bennett, 247 Conn. 256, 262, ___ A.2d ___ (1998); Prato v. City ofNew Haven, 246 Conn. 638, 647, ___ A.2d ___ (1998); Lussier v.Department of Transportation, 228 Conn. 343, 349, 636 A.2d 808
(1994).
Strictly construing § 13a-144, the commissioner of transportation does not have a duty to repair a railroad platform, as alleged by the plaintiff. Therefore, this action does not fall within § 13a-144, and the doctrine of sovereign immunity bars this action against the moving defendant. Furthermore, the court finds that the defendants are not "political subdivisions," as alleged by the plaintiff.
Since the defendant is not a "political subdivision" and this action does not fall within the ambit of General Statutes §13a-144, the doctrine of sovereign immunity bars this action against the moving defendant. As such the defendant's motion to dismiss the claims against him is granted.
So Ordered.
D'ANDREA, J. CT Page 278