[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS AMENDED COMPLAINT #105
CT Page 12678
This case arises out of an automobile accident that occurred in Wolcott, Connecticut on April 20, 1996. On April 20, 1998, the two plaintiffs in the case, Eric Docchio and Andrea Nadeau, filed a fifty-one count complaint against seven defendants, including three police officers,[1] and Elaine King, the Town Clerk for the Town of Wolcott. On May 11, 1998 an appearance was filed on behalf of the police officers and Ms. King (hereinafter "Defendants.") In accordance with Practice Book (1998 Rev.) §10-30, the Defendants timely filed a Motion to Dismiss the complaint along with a memorandum in support of the motion.
The Motion to Dismiss was based on lack of personal jurisdiction over the defendants, insufficient service of process and failure to meet the two year statute of limitations.
On June 18, 1998, the plaintiffs filed an amended complaint. In response, the defendants timely and in accordance with the Practice Book, filed a motion to dismiss the amended complaint, which is the subject of this decision. The motion to dismiss is based on insufficient service of process and lack of personal jurisdiction.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544,590 A.2d 914 (1991). "The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." Zizka v. Water Pollution Control Authority,195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 143, now Practice Book (1998 Rev.) § 10-31.
General Statutes § 52-45a provides in pertinent part: "Civil actions shall be commenced by legal process consisting of a writ of summons or attachment, describing the parties, the court to which it is returnable, the return day, the date and place for filing an appearance and information . . ." "The basic purpose of service of process is to confer jurisdiction and to give notice of the pending action." Homart Development Co. v.CT Page 12679Town of Manchester, Superior Court, judicial district of Hartford, Docket No. 550408 (Sep. 19, 1995, Aronson, J.) (16 Conn. L. Rptr. 97), citing Gluck v. Gluck, 181 Conn. 225, 226,435 A.2d 35 (1980)
Personal jurisdiction upon an individual is conferred by delivering the writ of summons and complaint to the defendant personally or at his abode. General Statutes § 52-54 provides in pertinent part: "The service of a writ of summons shall be made by the officer . . . by leaving an attested copy with [the defendant] or at his usual place of abode." See also General Statutes § 52-57 (a).
In the present case, service was provided to "Lt. Charette, Officer in Charge" at the Wolcott Police Department. The plaintiffs argue that such service was proper because Lt. Charette allegedly represented that he was able to accept service on behalf of the officers, the sheriff relied upon such representations, and because the home addresses of the officers were not public information. In response, the defendants argue that the General Statutes do not contain an exception for service upon police officers that could alleviate the defective service of process.
General Statutes §§ 52-54 and 52-57 (a) are unambiguous regarding service of process upon individuals. When a particular method of service is directed by statute, that method must be followed in order for the court to obtain jurisdiction. Board ofEducation of Town of Wallingford v. Local 1282,31 Conn. App. 629, 626 A.2d 1314, cert. granted in part,227 Conn. 909 (1993) "[T]here is no substitute for `in hand' or abode service . . . where jurisdiction over the person of a resident individual is sought unless a statute provides otherwise. . . ." (Internal quotation marks omitted; citation omitted.) Tarnopol v.Connecticut Siting Council, 212 Conn. 157, 163, 561 A.2d 931
(1989)
In Marciano v. Town of Torrington, Superior Court, judicial district of Waterbury, Docket No. 145588 (Oct. 1, 1998, Gill,J.), the court granted a motion to dismiss for insufficient service of process based on similar facts. In Marciano, the plaintiff attempted to serve four individuals at the Torrington Police Department by leaving a copy of the writ of summons and complaint with an employee of the Department. The court found such service inadequate and noted that the "`only exception to in CT Page 12680 hand or abode service on defendants that reside in or have agents located in Connecticut, is specifically set out in (General Statutes) § 4-183 (b) and allows parties appealing from an administrative decision to make service on the defendant agency by mailing a copy of the petition. . . .'" Id. quoting Tarnopolv. Connecticut Siting Council, supra, 212 Conn. 161-62.
In the present case, the sheriff's return reveals that the defendants were not provided with personal or abode service. Accordingly, the court finds that the plaintiff failed to properly serve these four defendants and the court lacks personal jurisdiction over them. The motion to dismiss is granted as to these defendants.
As to the defendant Elaine King, Town Clerk for the Town of Wolcott, there is a discrepancy between the writ of summons and the complaint. The question is whether Ms. King was served as an agent for the Town of Wolcott when the Town was not a named as a defendant on the summons.
General Statutes § 52-57 (b) provides in pertinent part:
"Process in civil actions against the following described classes of defendants shall be served as follows: (1) Against a town, upon its clerk, assistant clerk, manager or one of its selectmen. . . ."
In the present case, the writ of summons designates "Elaine King, town clerk" as a defendant. The address provided for Ms. King is the address of the Wolcott Town Hall. Ms. King was personally served at the Wolcott Town Hall.
"It is the clear policy of modern law `to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court.'" Galluzzo v. Board of Tax Review,44 Conn. Sup. 39, 666 A.2d 841 (1995), quoting Snow v. Calise,174 Conn. 567, 574, 392 A.2d 440 (1974). "When the correct party is designated in a way that may be inaccurate but which is still sufficient for identification purposes, the misdesignation is a misnomer. . . . The issue . . . is whether a misnomer is a designation of the right party in a way which may be inaccurate but which is still sufficient for identification purposes or whether the wrong person has been designated as a party." (Internal quotation marks omitted; citation omitted.) Lussier v.Department of Transportation, 228 Conn. 343, 350, 636 A.2d 808
CT Page 12681 (1994)
While the writ of summons names the town clerk, the complaint and amended complaint refer to the Town of Wolcott repeatedly and state claims against the Town for both negligence and indemnification of the police officers. Even a brief examination of the complaint makes it clear that the intended defendant is the Town of Wolcott and that the designation of the town clerk as a defendant is a mere misnomer which does not preclude the jurisdiction of this court.
Such misdesignation may not warrant dismissal when the plaintiff intends to name to proper party. General Statutes §52-123 provides that "[n]o writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." In Carlson v.Fisher, 18 Conn. App. 488, 494, 558 A.2d 1029 (1989), the court held that an incorrect designation on summons form alone did not warrant dismissal of the action. "In this case, however, the citation clearly named the commission as party defendant and it was abundantly clear, throughout the complaint, that the commission was a defendant. The plaintiffs have both cited and served the proper party defendant as required in the statutes. We hold that the plaintiffs complied with the statutory requirements in commencing their appeal and that the trial court did not err in finding that the incorrect designation on the summons form alone did not warrant dismissal." Id., 494-95.
Our Supreme Court has also permitted amendments to cure circumstantial errors. In Andover Limited Partnership v. Board ofTax Review, 232 Conn. 392, 655 A.2d 759 (1995) the court held that the incorrect designation of the "Board of Tax Review of the Town of West Hartford" as the defendant, rather than "the Town of West Hartford" was a mere circumstantial defect or misnomer, and that the plaintiff was entitled to amend its complaint under General Statutes § 52-123. In Lussier v. Department ofTransportation, supra, 228 Conn. 343, the court permitted the plaintiff to amend a summons wherein the defendant was misnamed but the intended defendant was named in the complaint.
"Our courts have refrained from interpreting rules and statutes in so strict a manner as to deny a litigant the pursuit of its complaint for mere circumstantial defects. . . . General CT Page 12682 Statutes 52-123 protects against just such consequences by providing that no proceeding shall be abated for circumstantial errors as long as there is sufficient notice to the parties. . . . [Section 52-123] is used to provide relief from defects in the text of the writ itself but is not available to cure irregularities in the service or return of process. . . ." (Citations omitted; internal quotation marks omitted.) FirstFederal Savings Loan Assn. v. Pellechia, 31 Conn. App. 260,264, 624 A.2d 395, cert. denied, 227 Conn. 923 (1993)
The designation of the town clerk as a defendant when the body of the complaint was directed to the Town of Wolcott was a mere misnomer. The Town of Wolcott did not file an appearance in this matter, however the court finds that it was properly served under § 52-57 (b) and should have been on notice of the action.
The motion is denied as to Ms. King because she was properly served as an agent for the Town of Wolcott. The plaintiff may amend the summons to correct the misnomer pursuant to General Statutes § 52-123.
By the Court,
Joseph W. Doherty Judge