[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS
The plaintiff, Catherine Ferguson, originally filed this action, Docket No. 059840, by service of process on December 22, 1998. Shortly thereafter, the defendants filed a motion to dismiss, which, on July 26, 1999, the court, Sferrazza, J., granted for lack of jurisdiction. Asserting General Statutes § 52-592, Ferguson, again, commenced this action, by service of process, on April 26, 2000.
Ferguson's complaint is comprised of three counts: the first is directed against Ga-Na-Den Too Apartments of Colchester Limited Partnership (Ga-Na-Den Too); the second is directed against Renee H. Goldstein[1] and Alfred Goldstein; and, the third is directed against Paradise Agency in care of Alfred Goldstein. Each of the three counts alleges that the named defendant "owned, possessed, maintained and controlled the premises located at 306 Ash Street, in Willimantic, Connecticut . . . "where Ferguson, allegedly, sustained injury.
Specifically, Ferguson alleges that, while working as a home health aid, on December 27, 1996, she slipped and fell on accumulated ice and snow in the common area of the defendants' premises after exiting the apartment of her client, thereby injuring herself. Ferguson further alleges that this accumulation of ice and snow was due to the negligence and careless of each named defendant.
On June 26, 2000, the defendants filed a motion to dismiss on the ground that the court lacks jurisdiction over the named parties due to defective service of process. As required by Practice Book § 10-31, the defendants have filed a memorandum of law in support of their motion to dismiss along with copies of their previously filed affidavits. Ferguson, however, has failed to file a memorandum in opposition.[2]
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book § 10-31(a). "[T]he Superior Court . . . may exercise jurisdiction over a person only if that person has been properly served with process, has consented to the jurisdiction of the court or has waived any objection to the court's exercise of personal jurisdiction." Kim v. Magnotta, 249 Conn. 94, 101-02, 733 A.2d 809
(1999). "The rule specifically and unambiguously provides that any claim of lack of jurisdiction over the person as a result of an insufficiency of service of process is waived unless it is raised by a motion to dismiss filed within thirty days in the sequence required by Practice Book § 10-6, formerly § 112." (Emphasis in original.) Pitchellv. Hartford, 247 Conn. 422, 433, 722 A.2d 797 (1999). CT Page 11700
The court must first determine whether General Statutes § 52-592[3]
may be used to save Ferguson's action. Ferguson's original complaint, Docket No. 059840, was brought against the same named defendants as the current action, to wit, Ga-Na-Den Too, Renee H. Goldstein, Alfred Goldstein and Paradise Agency do Alfred Goldstein. The sheriff, in serving the original action, left all of the papers for each defendant with one Bruce Goldstein, a person apparently not authorized to accept service for any of the parties. Moreover, the sheriffs return named Al Goldstein as the recipient of the papers rather than Bruce. The parties moved to dismiss on the ground that the court lacked jurisdiction over the parties due, at least in part, to improper service. In accordance with General Statutes § 10-31, various affidavits were included with their motion and supporting memorandum. The defendant, Renee Goldstein, averred that no one by the name Renee H. Goldstein lived at the cited address and that her name is actually H. Renee Goldstein. She also averred that she did not authorize anyone to accept service on her behalf and that she was the widow of Alfred Goldstein who died in 1992. Additionally, the death certificate of Alfred Goldstein was attached as an exhibit. Further, Bruce and Ronald Goldstein also averred to the fact of Alfred's death. Bruce also averred that he, not Alfred, accepted the papers, not knowing exactly for whom they were intended.[4]
Accordingly, on July 26, 1999, the court granted the motion to dismiss.
Ferguson has now refiled her action pursuant to the accidental failure of suit provision, General Statutes § 52-592. For all intents and purposes, the citation in the present action is exactly the same as the one previously filed in Docket No. 059840. Despite the previous affidavits of the defendants and the attached death certificate, Ferguson has again brought this action against the same defendants, including the deceased, Alfred Goldstein. She also directed the sheriff to, again, serve Paradise Agency in care of the deceased, Alfred Goldstein.[5]
Needless to say, the sheriff did not effectively do so in either instance.[6]
"By its very terms, an action at law implies the existence of legal parties; they may be natural or artificial persons, but they must be entities which the law recognizes as competent. . . . [A] dead person is a nonexistent entity and cannot be a party to a suit. Therefore, proceedings instituted against an individual who is deceased at the time of the filing of suit are a nullity. Such proceedings are void ab initio
and do not invoke the jurisdiction of the trial court." Noble v. Corkin,45 Conn. Sup. 330, 332-33, 717 A.2d 301 (Blue, J.); see O'Leary v.Waterbury Title Co., 117 Conn. 39, 47, 166 A. 673 (1933). Accordingly, regardless of any insufficiency in service due to unavoidable accident or the default or neglect of the sheriff, General Statutes § 52-592
could not and cannot be used to save this action as against Alfred CT Page 11701 Goldstein or Paradise Agency do Alfred Goldstein because it was void abinitio.[7]
In regards to the other defendants, Renee Goldstein and Ga-Na-Den Too, the insufficiency in service of the initial action was due to the default or neglect of the sheriff, and, therefore, General Statutes § 52-592
may be invoked to save the action as it relates to those named defendants.[8]
The defendants now move to dismiss the present action on the ground that the court lacks jurisdiction over each of the parties. The defendants argue that Renee H. Goldstein does not exist and did not exist at the time of Ferguson's alleged injury. The defendants point to the affidavit of H. Renee Goldstein as proof thereof. This argument is not persuasive. The sheriffs return states that Renee H. Goldstein was served in hand. Regardless of whether her proper name is H. Renee or Renee H., it cannot be successfully argued that she did not receive adequate notice or was prejudiced by the reversing of her first and middle names.
General Statutes § 52-123 provides: "No writ, pleading, judgment or any kind of proceeding in court or course of justice shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." A misnomer, such as the one in this case, is just the type of circumstantial defect General Statutes § 52-123 was meant to cover.
"Recent case law has further clarified what is meant by "circumstantial errors, mistakes or defects' as used in § 52-123. In Lussier v.Burns, 228 Conn. 343, 348-49, 636 A.2d 808 (1994), the court held that it was improper to dismiss an action in which the summons incorrectly named the defendant as the "State of Connecticut, Department of Transportation' rather than the commissioner of transportation. The court in Lussier
stated that "[w]hen the correct party is designated in a way that may be inaccurate but which is still sufficient for identification purposes, the misdesignation is a misnomer. Such a misnomer does not prevent the exercise of subject matter jurisdiction if the defendant was actually served and knew he or she was the intended defendant. This is in contradistinction to the case in which the plaintiff has misconstrued the identity of the defendant and has therefore named and served the wrong party.' Id., 350; see also Andover Ltd. Partnership I v. Board of TaxReview, [232 Conn. 392, 397, 655 A.2d 759 (1995)] (designation of defendant as board of tax review of town of West Hartford rather than town of West Hartford held to be defect falling within purview of §52-123); Pack v. Burns, 212 Conn. 381, 386, 562 A.2d 24 (1989) (designation of defendant as state of Connecticut transportation CT Page 11702 commission rather than commissioner of transportation held to be defect falling within parameters of § 52-123); Motiejaitis v. Johnson,117 Conn. 631, 636, 169 A. 606 (1933)." Dyck O'Neal, Inc. v. Wynne,56 Conn. App. 161, 165-66, 742 A.2d 393 (1999); see also Four BeachesCondominium Assn. v. W.C. Brescia Plumbing Heating, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 384124 (October 17, 1997, Zoarski, J.T.R.) (20 Conn.L.Rptr. 442) (naming defendants by their corporate titles rather than actual names did not render summons and complaint fatally defective); Parkway Plaza, Inc. v.Mark Associates Niemur Medical Associates, Superior Court, judicial district of Stamford-Norwalk at Norwalk, Docket No. 018543 (July 18, 1996, Tierney, J.) (denying motion to dismiss on grounds that notice to quit contained a misspelling of defendant's name and the corporate designation of "P.C." was not properly described in notice to quit); BigY Trust v. Wesco Distribution, Inc., Superior Court, judicial district of Windham at Putnam, Docket No. 052042 (December 18, 1995, Sferrazza, J.) (15 Conn.L.Rptr. 501) (upholding mechanic's lien absent clear and convincing evidence that misnomer was result of bad faith or caused defendant to suffer prejudice). It is clear that H. Renee Goldstein received sufficient notice of the claims brought against her and was not prejudiced by the misnomer.
As to Ga-Na-Den Too, the defendants argue that the court lacks subject matter jurisdiction because Ga-Na-Den Too "is a separate and distinct entity which has no connection to the property subject of this complaint. The plaintiff has sued the wrong party." The defendants' affidavits attest that Ga-Na-Den Too is a separate and distinct legal entity from Ga-Na-Den Too of Willimantic, and that the defendant, Ga-Na-Den Too, does not own, possess, maintain or control the premises at 306 Ash Street in Willimantic. The court is mindful that these affidavits are not disputed by counter-affidavit or by any other evidence.
Nonetheless, although the naming of Ga-Na-Den Too Apartments of Colchester Limited Partnership, rather than Ga-Na-Den Too Apartments of Willimantic, presents this court with more than a simple misnomer, suing the wrong party, unless that party is a statutorily mandated party, is not a jurisdictional defect. Compare Scacco v. P.R. Scott Co., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 131648 (November 26, 1996, Pellegrino, J.) ("suing the wrong party . . . is not a jurisdictional defect") and, Arcal Corp. v. Smith, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 159514 (November 23, 1998, Lewis, J.) (naming the wrong party in a suit does not implicate the court's jurisdiction) and, Steinberg v. Botham, Superior Court, judicial district of Middlesex at Middlesex, Docket No. 061187 (June 5, 1992, Austin, J.) (7 C.S.C.R. 853) (suing the wrong party does not implicate the court's subject matter jurisdiction) with Brennan v.CT Page 11703Town of Fairfield, 58 Conn. App. 191, 195-96, ___ A.2d ___ (2000) (where a plaintiff fails to abide by prerequisites of statute, the court lacks jurisdiction over the case) and Coughlin v. City of Waterbury, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 151299 (July 28, 1999, Gill, J.) (naming the city, rather than the legally obligated board, is a jurisdictional defect). As explained in E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970), "[Where] the plaintiff has misconstrued the identity of his defendant rather than his legal name or legal nature. . . . the person made a party has a defense on the merits and will, presumably, obtain a judgment on the merits." Id., 434.
Accordihgly, General Statutes § 52-592 may not be used to save Ferguson's action against Alfred Goldstein and Paradise Agency do Alfred Goldstein because service cannot be made upon Alfred Goldstein because he died in 1992, well before the date of this action and well before Ferguson's alleged injuries. The motion to dismiss is granted as to these defendants. General Statutes § 52-592 may, however, be used to save Ferguson's action against Ga-Na-Den Too and H. Renee Goldstein. The motion to dismiss this action against Ga-Na-Den Too and H. Renee Goldstein is denied.
Potter, J.