[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The defendant[1], Commissioner of Transportation, James F. Sullivan, has moved to dismiss count one of the plaintiff's complaint on the ground that it is barred by the doctrine of sovereign immunity and therefore, the court lacks subject matter jurisdiction over the action. The plaintiff, Linda Oberlander, is a school crossing guard. In her complaint, the plaintiff set forth a highway defect action under Connecticut General Statutes § 13a-144.[2] The plaintiff alleges that while at work, she sustained injuries as a result of stepping and falling on a loose water pipe cap which was lying in the roadway due to the improperly maintained and deteriorated pavement. Pursuant to General Statutes § 13a-144, the plaintiff gave notice of her claim to the defendant.
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ." Practice Book § 10-31(a)(1). "Subject matter jurisdiction involves the authority of the court to adjudicate the type of controversy presented by the action before it." (Internal quotation marks omitted.) Lewis v. Gaming Policy Board, 224 Conn. 693,698, 620 A.2d 780 (1993). A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) Federal Deposit Ins. Corp. v.Peabody, N.E., Inc., 239 Conn. 93, 99, 680 A.2d 1321 (1996).
"[General Statutes § 113a-144 constitutes only a limited waiver of the states sovereign immunity in cases involving alleged highway defects." Lussier v. Dept. of Transportation, 228 Conn. 343, 349,636 A.2d 808 (1994). "[S]tatutes in derogation of sovereign immunity must be strictly construed." Prato v. City of New Haven, 246 Conn. 638, 647,717 A.2d 1216 (1998) see also Williams v. City of Stamford, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 163666 (January 19, 1999, D'Andrea, J.). "The statutorily required notice is a condition precedent to maintaining a cause of action, and if this requirement is not met, no cause of action exists." Bresnan v. Frankel,224 Conn. 23, 25-26, 615 A.2d 1040 (1992). "[T]he question of the adequacy of notice is one for the jury and not for the court . . . Before CT Page 1469 submitting the question to the jury, however, the trial court must first determine whether, as a matter of law, a purported notice patently meets or fails to meet . . . the statutory requirements." (Citations omitted; internal quotation marks omitted.) Ozmun v. Burns, 18 Conn. App. 677,681, 559 A.2d 1143 (1989); see also Cahn v. City of Stamford, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 157443 (July 7, 1997, Mintz, J.). "Failure to comply with the notice provision of the statute may be raised on a motion to dismiss." Robertsv. Givens, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 338945 (December 29, 1997, Skolnick, J.).
The defendant argues that the statutory notice is fatally defective in that it fails to set forth the actual defect which caused the plaintiff's claimed injuries. The defendant contends that although paragraph five of the plaintiff's complaint states that the loose watercap is the cause of the plaintiff's injuries, the plaintiff's notice states that the cause of the plaintiff's injuries is "improperly maintained and deterioratedpavement around water company pipe `cap.'"[3] (Emphasis added.) The defendant argues that the "cause of the injuries" must refer to the actual highway defect which brought about the injury and therefore, the notice misidentifies the highway defect and is improper. The plaintiff argues that the notice does not have to be stated with the clarity of a pleading and therefore, the statutory notice is not fatally defective.
While General Statutes § 13a-144 must be strictly construed, "notice need not be expressed with the fullness and exactness of a pleading. . . .Under [General Statutes §] 13a-144, the notice must provide sufficient information as to the injury and the cause thereof and the time and place of its occurrence to permit the commissioner to gather information about the case intelligently." (Citations omitted; internal quotation marks omitted.) Lussier v. Dept. of Transportation, supra,228 Conn. 356-357. While the plaintiff's notice could have been more specific regarding the cause of the plaintiff's injuries, as a matter of law the court finds that the notice meets the statutory requirements. A reasonable jury can infer from the notices description of the accident that the water pipe cap is at issue. Therefore, the description in the plaintiff's notice of claim was sufficiently detailed to provide the defendant with enough information to investigate the plaintiff's claim. See Brown v. The Commissioner of Transportation, Superior Court, judicial district of Danbury, Docket No. 324664 (October 3, 1996, Moraghan, J.) (court denied motion to dismiss holding that notice sufficiently detailed and jury could reasonably infer cause of injuries from description). Accordingly, the defendant's motion to dismiss the first count of the plaintiff's complaint is hereby denied.
D'ANDREA, J. CT Page 1470