JUANITA GREENE, ADMINISTRATRIX (ESTATE OF JAMES
C. GREENE) *v.* HOWARD S. IVES, HIGHWAY
COMMISSIONER

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 134346

Memorandum filed January 29, 1964

*Schatz, Weinstein & Seltzer,* of Hartford, for the plaintiff.

*Samuel Gold,* of Hartford, for George T. Brandtmayer, coplaintiff.

*Harold M. Mulvey,* attorney general, and *Clement J. Kiczuk,* assistant attorney general, for the state treasurer, coplaintiff.

*Bailey, Wechsler, Shea & Michelson,* of Hartford, for the defendant.

HOUSE, J. The present action is brought against the defendant highway commissioner pursuant to

the provisions of § 13-87 of the General Statutes (repealed effective June 6, 1963; see § 13a-144) and alleges, in substance, that the plaintiff's decedent was killed when he was thrown from a truck on a state highway in West Hartford, the fall being caused by a defective condition in the highway. It is alleged that statutory notice was given to the highway commissioner, and a copy of the "Notice" is attached to the complaint, marked exhibit A.

Exhibit A, attached to the complaint, is entitled "Record of Inquest Held on the Body of James Greene who died 31 July 1962 at Hartford, Conn." The record of inquest is in the usual form and consists of three and a half pages with a full recital of the circumstances of the death. These include, inter alia, a finding by the coroner that the death was caused when the decedent was riding on the tail gate of a truck operated by George T. Brandtmayer, that he was thrown from the truck when it passed over an amesite patch on the highway which "formed a berm-line condition," and that it was this berm which caused the rear of the truck to jump up, causing the tail gate to bounce and throw off the decedent. The record of inquest concludes with the following statements: "Whether the condition requires correction is a matter for others to determine. I am sending a copy of this finding to The State Highway Commissioner for his information. Upon all the facts, I find that the death of James C. Greene was not caused by the criminal act, omission or carelessness of George T. Brandtmayer."

To the complaint, the defendant has demurred for the reason that the notice allegedly given to the defendant does not satisfy the requirements of § 13-87 of the General Statutes.

The giving of the notice required by the statute is a condition precedent to bringing such an action as

this. *Morico* v. *Cox,* 134 Conn. 218, 220. The statute does not permit the bringing of such an action "unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given within sixty days thereafter to the highway commissioner." § 13-87. "Our rules require that in an action such as this the plaintiff shall either recite the notice given in the complaint or annex it thereto." *Nicholaus* v. *Bridgeport,* 117 Conn. 398, 402; Practice Book, 1963, § 142. "The obvious purpose of this rule is to have the sufficiency of the notice, if challenged, tested by demurrer preceding the trial." *Barteis* v. *Windsor,* 134 Conn. 569, 571. The record of inquest upon which the plaintiff relies undoubtedly does contain within it all of the information concerning the circumstances of the accident which under the statute must be contained in the statutory notice to the commissioner. It also contains a great deal more information than that specified in the statute. It, however, gives no suggestion of any claim for any injuries, no warning or indication that any civil action will be instituted, nor any indication that it was, or was intended to be, other than what it was entitled—a "Record of Inquest."

Extensive research has failed to disclose any Connecticut case in which a similar question has been litigated, although there are numerous cases dealing with the adequacy and sufficiency of descriptions of injuries and defects. The general rule with respect to such notices as are required under both §§ 13-87 and 13-11 of the General Statutes is well summarized in *Morico* v. *Cox,* supra, 223: "The notice is to be tested with reference to the purpose for which it is required. The purpose of the requirement of notice is 'to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might

deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection.' *Cassidy* v. *Southbury*, 86 Conn. 45, 49, . . .; *Sizer* v. *Waterbury*, . . . [113 Conn. 145, 156]; *Christian* v. *Waterbury*, 123 Conn. 152, 155 . . . . Unless a notice, in describing the place or cause of an injury, patently meets or fails to meet this test, the question of its adequacy is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case."

It is to be noted that in the opinion just cited and in similar opinions the fact that a claim is being or is to be made is mentioned as a significant factor. See also *LoRusso* v. *Hill*, 139 Conn. 554, 557, where the court states: "The purpose was merely to furnish the commissioner with such information as would enable him to make a timely investigation of the facts upon which a claim for damages was being made." In *Schaap* v. *Meriden*, 139 Conn. 254, 256, quoting from *Shaw* v. *Waterbury*, 46 Conn. 263, 266, the court notes that the "obvious purpose of this requirement is that officers of municipal corporations, against which suits for injuries are about to be instituted, shall have such precise information as to time and place as will enable them to enquire into the facts of the case intelligently." See also *Marino* v. *East Haven*, 120 Conn. 577, 579; *Dean* v. *Sharon*, 72 Conn. 667, 673.

Justice Haines in *Sizer* v. *Waterbury*, supra, 158, in tracing the history of the development of the present statute makes it clear that the circumstances of the particular case are of special significance, quoting from *Delaney* v. *Waterbury & Mill-*

*dale Tramway Co.,* 91 Conn. 177, 181: "In applying the test the circumstances of each case are to be considered. If, *under the circumstances of a given case,* the notice is sufficient for its intended purpose, it will be regarded as a good notice."

"The word 'notice' may be defined as that which imparts information to the one to be notified. See Webster's New International Dictionary (2d Ed.)." *LoRusso* v. *Hill,* supra. However, while the copy of the record of inquest did communicate to the commissioner information concerning this accident, it gave no warning or indication whatsoever that any claim for damages was being made or would be made against him. In the absence of any indication in the record of inquest of such a claim or that the information was being imparted to comply with the provisions of § 13-87, or that it was intended to be a "notice" with respect to the details mentioned in that statute, it cannot be held that the record of inquest meets the purpose of notice as stated in *Morico* v. *Cox,* supra — "to furnish the party against whom a claim was to be made such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests." Followed to its logical conclusion, the contention of the plaintiff would require a finding of statutory notice to the commissioner if it were proved that a newspaper report of an accident contained the necessary statutory information and an edition of that paper was delivered to the commissioner.

It is concluded that, in the absence of some indication to the commissioner that the record of inquest was something more than its title described it to be, or of some indication that a claim of some sort was or would be presented or that the record of inquest was in fact and was intended to be a "notice" upon

which a claim for liability might be predicated, the action of the coroner in sending a copy of his record of inquest to the commissioner "under the circumstances" did not constitute the notice required under the provisions of § 13-87 for this plaintiff to bring this action. Accordingly, the demurrer is sustained.