RUTH TEDESCO *v.* DEPARTMENT OF TRANSPORTATION
(12656)

LAVERY, LANDAU and HENNESSY, Js.

Argued September 23—decision released November 22, 1994

*Patrick J. Wall,* with whom, on the brief, was *Nancy Smith,* for the appellant (plaintiff).

*Paul M. Pieszak,* for the appellee (defendant).

HENNESSY, J. The plaintiff, Ruth Tedesco, appeals from the judgment of the trial court granting the defendant department of transportation's motion to dismiss a personal injury suit brought pursuant to General Statutes § 13a-144.[1] The plaintiff claims[2] that the trial court improperly found as a matter of law that the plaintiff did not provide the defendant with sufficient notice as required by General Statutes § 13a-144.[3]

The following facts are relevant to this appeal. On April 13, 1990, the plaintiff allegedly suffered injuries as a result of a fall due to a hole in the sidewalk on a bridge in downtown Torrington. On May 7, 1990, she provided notice of this incident to the defendant as required by General Statutes § 13a-144. In her letter of notice, the plaintiff stated that she had fallen because of a hole in the "sidewalk on Route 202, on April 13, 1990, at approximately 11:30 a.m. in the Town of Torrington at the bridge known as 'the Center Bridge' while walking north on the eastern side of said bridge, in the area adjacent to the Downtown Torrington Shopping Center." Attached to the notice, and made part thereof, was a copy of a police report relating to the incident. The police report included a statement by the plaintiff which indicated that she "left Dunkin' Donuts and started to walk north on the Center Bridge when [she] tripped on a hole in the sidewalk located on the bridge." The notice also reported that both the plain-

---

[1] General Statutes § 13a-144 provides in relevant part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the commissioner of transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the superior court. . . ."

[2] At oral argument, the plaintiff withdrew all other claims.

[3] The notice provision of General Statutes § 13a-144 provides: "No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. . . ."

tiff's attorney and the Torrington police had taken photographs of the accident scene and that these photographs would be available to the defendant upon request.

The plaintiff subsequently brought a civil action against the defendant in connection with this incident. The defendant moved to dismiss the suit on the ground that the notice was defective and the trial court granted the motion. In granting the defendant's motion to dismiss, the court found that the description provided by the notice letter of May 7, 1990, patently failed to provide the general description of the injury, its cause, and the place and time as required by § 13a-144. This appeal followed.

The plaintiff urges this court to reverse the trial court's dismissal of the complaint. She correctly notes that the sufficiency of notice "is to be tested with reference to the purpose for which it is required"; *Morico* v. *Cox*, 134 Conn. 218, 223, 56 A.2d 522 (1947); and argues that the notice given in this case satisfies the purpose of providing "such warning as would prompt [the defendant] to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection." *Greene* v. *Ives*, 25 Conn. Sup. 356, 358–59, 204 A.2d 412 (1964), quoting *Cassidy* v. *Southbury*, 86 Conn. 45, 49, 84 A. 291 (1912); see also *Warkentin* v. *Burns*, 223 Conn. 14, 20, 610 A.2d 1287 (1992); *Morico* v. *Cox*, supra, 223. We agree with the plaintiff's analysis.

In *Lussier* v. *Dept. of Transportation*, 228 Conn. 343, 636 A.2d 808 (1994), our Supreme Court reiterated the legal standard against which notice of a claim pursuant to § 13a-144 is to be measured. "The notice need not

be expressed with the fullness and exactness of a pleading. . . . [T]he notice must provide sufficient information as to the injury and the cause thereof and the time and place of its occurrence to permit the commissioner to gather information about the case intelligently." (Citation omitted; internal quotation marks omitted.) Id., 356–57. "[R]easonable definiteness is all that can be expected or should be required." (Internal quotation marks omitted.) Id., 356. "The plaintiff is not required to be a cartographer in order to be able to describe adequately to the commissioner the location of the defect." Id., 358.

As long as notice provides "reasonable definiteness," it is not patently insufficient and the adequacy of the notice becomes an issue for the jury. Id., 354. In this case, the notice provided by the plaintiff both informed the defendant of the plaintiff's intent to file a claim and furnished the defendant with a guide as to how to conduct further inquiries to protect its interests. Accordingly, the complaint should not have been dismissed.

Urging us to sustain the dismissal of the complaint, the defendant first notes that § 13a-144 "created a cause of action 'wholly unauthorized by the common law.' . . . Thus, the statutorily required notice is a 'condition precedent to the cause of action.' " (Citation omitted.) *Warkentin* v. *Burns*, supra, 223 Conn. 17–18. The defendant further notes that, as a statute in derogation of sovereign immunity, § 13a-144 should be strictly construed. *White* v. *Burns*, 213 Conn. 307, 312, 567 A.2d 1195 (1990). The defendant argues that Connecticut courts have strictly construed the notice requirement of § 13a-144, and cites *Schaap* v. *Meriden*, 139 Conn. 254, 93 A.2d 152 (1952), *Ozmun* v. *Burns*, 18 Conn. App. 677, 559 A.2d 1143 (1989), and *Collins* v. *Meriden*, 41 Conn. Sup. 425, 580 A.2d 549 (1990). Our review of these cases finds them inapposite to the present case.

In *Schaap* v. *Meriden,* supra, 139 Conn. 254, our Supreme Court found that the notice was defective because it specified only that the injury took place near the edge of a manhole cover, without identifying a particular manhole. In *Ozmun* v. *Burns,* supra, 18 Conn. App. 677, this court held that the notice was defective because the detailed description in the notice was incorrect, stating south instead of north. Thus, while the notice was specific, it directed the commissioner to an erroneous location. In *Collins* v. *Meriden,* supra, 41 Conn. Sup. 425, the Superior Court found that the descriptions of the cause and place of the injury were vague in that the notice provided merely that the injury occurred due to a "defective and improper condition of the sidewalk . . . 'adjacent to the front of the premises known as 243 West Main Street, Meriden, Connecticut.' " Id., 427.

It is quite clear why the notices in *Schaap, Ozmun,* and *Collins* were defective. Lack of specificity, misdirection, and vagueness as to the location and cause of the injury undermine the purpose of the statute. In each case, insufficient notice denied the defendant the opportunity to gather information to protect itself in the event of a lawsuit. In the present case, there are no such defects; the notice sent by the plaintiff provided sufficient information about the alleged injury, its cause, and the time and place where it occurred to allow the defendant to gather information about the case and thereby to protect its interests.

The judgment is reversed and the case is remanded for further proceedings.

In this opinion the other judges concurred.