[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
I
 Introduction and Factual Background
The plaintiffs, Christine, Stephanie, and Bryan Davidson, filed a sixteen count complaint against the defendant, commissioner of transportation to recover damages for injuries sustained on November 23, 1993 as they were traveling on a state highway in the Town of Suffield, Connecticut. They have alleged that after their vehicle struck an open manhole, the driver, Bryan Davidson lost control of the vehicle as it spun into the opposite lane of traffic. This action is being brought against the commissioner pursuant to General Statutes § 13a-144.
The defendant has filed a motion to strike claiming that: (1) the statutory notice was defective as a matter of law because it failed to adequately describe the location of the accident; (2) paragraphs 10 (b-f) of counts one, two and three allege injuries not specified in the statutory notice; and (3) Christine Davidson's claim, as mother and guardian of plaintiffs Stephanie and Bryan Davidson, for recovery of medical bills in count four, is not legally viable.
 II DISCUSSION
 A.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In CT Page 10711 ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." (Citations and internal quotation marks omitted.) Novametrix Medical Systems v. BOC Group, Inc.,224 Conn. 210, 214, 618 A.2d 25 (1992).
General Statutes § 13a-144 provides, in pertinent part, as follows:
 No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. General Statutes § 13a-144.
"The statutorily required notice is a condition precedent to maintaining a cause of action, and if this requirement is not met, no cause of action exists.Warkentin v. Burns, 223 Conn. 14, 18, 610 A.2d 1287 (1992); . . . . The sufficiency of the notice is tested with reference to the purpose for which it is required.Warkentin v. Burns, supra. The purpose of the notice requirement is to furnish the commissioner with such precise information as to time and place as will enable [the commissioner] to inquire into the facts of the case intelligently; Schaap v. Meriden, 139 Conn. 254, 256,93 A.2d 152 (1952) . . . and to protect the state's interests.Warkentin v. Burns, supra, 20." Murray v. Commissioner ofTransportation, 31 Conn. App. 752, 754-55, 626 A.2d 1328
(1993). "The notice requirement is not intended merely to alert the commissioner to the occurrence of an accident and resulting injury, but rather to permit the commissioner to gather information to protect himself in the event of a lawsuit." (Citations omitted.) Lussier v. Department ofTransportation, 228 Conn. 343, 354, 636 A.2d 808 (1994).
The defendant claims that the plaintiffs' notice is insufficient as a matter of law for the reason that "it is CT Page 10712 vague and does not adequately describe the exact location of the alleged defect." (Defendant's Memorandum in Support of Motion, p. 4). The plaintiffs argue that the notice requirement of General Statutes § 13a-144 requires nothing more than a general description of the incident and that this notice provides the commissioner with the necessary specificity to accomplish his investigation. This court finds that sufficient information has been provided.[1] The notice states that the accident occurred on Bridge Street at an open manhole located approximately 2/10 of a mile east of Brandywine Lane. This is surely enough for the commissioner to investigate the case. "In Lussier v. Dept.of Transportation, 228 Conn. 343, 636 A.2d 808 (1994), our Supreme Court reiterated the legal standard against which notice of a claim pursuant to [General Statutes] § 13a-144
is to be measured. The notice need not be expressed with the fullness and exactness of a pleading. . . . [T]he notice must provide sufficient information as to the injury and the cause thereof and the time and place of its occurrence to permit the commissioner to gather information about the case intelligently. [R]easonable definiteness is all that can be expected or should be required. The plaintiff is not required to be a cartographer in order to be able to describe adequately to the commissioner the location of the defect." (Internal quotation marks and citations omitted.) Tedesco v. Department ofTransportation, 36 Conn. App. 211, 213-14
(1994). This notice meets that test. Therefore, the defendant's motion to strike on the ground that the plaintiff failed to provide the defendant adequate notice is denied.
 C.
The defendant next contends that the notice is defective in that it fails to provide sufficient notice of the injuries. The plaintiffs made the following references concerning their injuries:
 1. Nature of Injury: The claimant Christine Davidson, suffered a cervical sprain.
 2. Nature of Injury: The claimant Bryan J. Davidson, suffered a cervical sprain. CT Page 10713
 3. Nature of Injury: The claimant, Stephanie Davidson suffered a cervical sprain.
(Exhibits A, B, C of plaintiffs' complaint.)
Paragraphs 10 (b-f) in counts one, two and three list additional areas of the body alleged to have been injured as a result of this accident including the lumbar spine, thoracic vertebrae, shoulder and back, face and head. The defendant asserts that in order to maintain this action, all injuries for which the plaintiffs seek compensation must be clearly contained in the notice. The defendant argues that since the injuries contained in paragraphs 10(b-f) of each count are not described in the notice, the plaintiffs are precluded from seeking recovery for them.
The plaintiffs, of course, assert that the notices are sufficient and that "[e]ach of these descriptions in and of themselves would have alerted the commissioner to investigate a spinal column injury." (Plaintiffs' Memorandum in Opposition to Motion, p. 6). The plaintiffs further contend that "[m]any of the injuries listed for the plaintiffs [in the complaint] such as neck pain and headaches are normally associated with cervical sprains . . . ." Id., 7.
It is true that some descriptions of injury are inadequate as a matter of law. In Wheeler v. Town ofGranby, 8 Conn. L. Rptr. 649, 8 CSCR 52, 53 (1992), Judge Walsh listed several:
 The following descriptions of injury have been held to be insufficient as a matter of law: Plaintiff `got hurt', Main v. North Stonington, 127 Conn. 711, 712 (1940); Plaintiff `was taken in the ambulance to the _____ hospital _____ and _____ do not know the full extent of my injuries,' Mascagna v. Derby, 123 Conn. 684, 685
(1937); Plaintiff `fell and was injured', Marino v. Town of East Haven, 120 Conn. 577, 578 (1935); Plaintiff suffered `an injury to her knee', Dunn v. Ives, 23 Conn. Sup. 113 (1961); and Plaintiff `suffered substantial injuries, the extent of which, at this state, cannot be determined', Blake v. Santoro, 2 Conn. L. Rptr. 429, (1990) CT Page 10714 (Pickett, J.).
The notices in this case do not fall into the above category and while the descriptions of injury could have been more detailed, the notice of a "cervical sprain" is sufficiently specific to enable the commissioner to make timely investigation into the plaintiffs' spinal column injuries. See, Tedesco v. Department of Transportation,
supra, 36 Conn. App. 213. As the plaintiff's notice of injury is sufficient, the defendant's motion to strike paragraphs 10 (b-f) of counts one, two, and three is denied.
 D.
In count four of the amended complaint, the plaintiff, Christine Davidson, alleges that as the mother of the minor plaintiffs, Stephanie and Bryan Davidson, she is therefore responsible for their medical bills and related expenses.
The defendant has moved to strike this count claiming that the recovery of children's medical bills by a parent as a derivative claim is not permissible under General Statutes § 13a-144. The defendant relies on cases involving loss of consortium claims for the proposition that derivative actions are impermissible under General Statutes § 13a-144. Sanzone v. Board of PoliceCommissioners, 219 Conn. 179, 199, 592 A.2d 912 (1991).[2]
In response, the plaintiff contends that General Statutes § 13a-144 permits recovery because "[she] is suing for the expenses for which she is financially obligated as a result of [her minor children's] injuries. . . ." (Plaintiffs' Memorandum in Opposition, p. 7). The plaintiff argues that "[t]his is a direct, rather than derivative cause of action, for the travelers injuries." Id., 7-8. However, "[l]ike claims of loss of consortium . . . [plaintiff's] claims for indemnification is [sic] based not on its own injury as a traveler on a highway, but rather, that of a third party. Because [the plaintiff] is not an injured `traveler,' its claim for indemnification is impermissible." Lockwood, Kessler Bartlett v. Burns,
supra, 7 Conn. L. Rptr. 224. "Similarly, a parent may not recover for the medical expenses of an injured child because the parent is not the injured `traveler.'" Id.; see also, Murphy v. Town of East Windsor, 5 Conn. L. Rptr. 129
CT Page 10715 (1991) (Hennessey, J.).
Against this background, count four of the amended complaint is legally insufficient. Since the defective highway statute allows recovery for the injured traveler only, a parent may not bring a derivative claim for his or her children's medical expenses.[3] Accordingly, the defendant's motion to strike count four of the plaintiffs' amended complaint is granted.
Berger, J.