[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS FOR LACK OF SUBJECTMATTER JURISDICTION
The defendant Emil H. Frankel moves to dismiss this action CT Page 3948 commenced against him as Highway Commissioner of the State because he claims that the court lacks jurisdiction since the required written statutory notice which must be given to the Commissioner within ninety days of the injury under provisions of General Statutes § 13a-144 does not contain the required general description of the injuries sustained. Since the written notice actually rendered contains only the mere assertion that a pothole caused "bodily injury" without any description of the injury, it does not satisfy the statutory requirement that the injury be generally described. Dunn v. Ives, 23 Conn. Sup. 113 (1961). InShine v. Powers, 37 Conn. Sup. 710, 712 (1981), the Appellate Session of the Superior Court held:
 ". . . the failure to give any description beyond the mere assertion that the injury or damage occurred is insufficient to meet the statutory requirements." See also, Marino v. East Haven, 120 Conn. 577 (1935).
The plaintiff alleges that this issue should be raised by a Motion to Strike and that a Motion to dismiss will not lie. Despite the contention of the plaintiff, jurisdictional insufficiency over subject matter can be raised at any time, even on appeal. It is not limited by the thirty day requirement of § 142 of the Rules of Practice, which requires challenges to personal jurisdiction to be made within thirty days of the filing of appearance. Practice Book § 143 may be utilized to assert "lack of jurisdiction over subject matter." General Statute § 13a-144
provides in pertinent part that: ". . . unless notice of such an injury and a general description of the same . . ." (emphasis added) is given in writing to the Commissioner within ninety days of such occurrence of a highway defect that "[N]o such action shall be brought . . . The Court in Lussier v. Dept. OfTransportation, 228 Conn. 343, 349-50 summed the matter up in this way: ". . . the doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." Furthermore, because the defendant's motion essentially asserts that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court, a Motion to Dismiss is appropriate. Baskin's Appeal fromProbate, 194 Conn. 635, 640 (1984); Gurliacci v. Mayer,218 Conn. 531; Marino v. East Haven, supra.
As to the requisite statutory written notice describing the injury, it is in the ordinary case up to the judge, in the first CT Page 3949 instance, to determine whether there was patent compliance and, if so, the jury's right to pass on the issue of whether the patent notice was sufficient to satisfy its statutory purpose. That is the case where there is at least some description of the injury Where there is no detail of description but only the bald statement that an injury occurred, there can be no patent compliance and the plaintiff cannot state a cause of action that should be heard by the court and the jury. Tedesco v. Dept. ofTransportation, 36 Conn. App. 211, 213, 650 A.2d 579 (1994);Fraser v. Henninger, 173 Conn. 52, 59, 376 A.2d 406 (1977).
For failure to strictly comply with the written notice requirements of the statute under which the State waives its sovereign immunity, the plaintiff's action is dismissed. Strict compliance with that statute is required as a condition precedent or the State's immunity is not waived and no such defective highway action may be brought.
Motion GRANTED.
FLYNN, J.