[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS
CT Page 8887
This is a § 13a-144 highway defect claim by the plaintiffs, Vincent Montalto and Emily Montalto (hereinafter "the plaintiff") against the defendant, James E. Sullivan, the Commissioner of Transportation for Connecticut (hereinafter "the defendant") Before the court is the defendant's motion to dismiss the first count of the complaint on the ground that the court lacks jurisdiction over the matter. Specifically, the defendant argues that the written notice given to the Commissioner failed to adequately describe the injuries allegedly sustained by the plaintiff. The plaintiff has objected to the motion to dismiss and argues that the written notice was accompanied by a police report which contained a description of the injuries suffered by the plaintiff. The plaintiff argues, furthermore, that this description meets the requirements set forth in General Statutes § 13a-144. The Motion to Dismiss is denied. The Court finds the notice given is not "patently defective".
General Statutes § 13a-144 allows an individual injured on state highways or sidewalks to bring any action against the state provided that "[n]o such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner." General Statutes § 13-144. "The purpose of the notice requirement is to furnish the commissioner with such precise information as to time and place as will enable [the commissioner] to inquire into the facts of the case intelligently, and to protect the state's interests." (Citations omitted; internal quotation marks omitted.) Bresnan v. Frankel,224 Conn. 23, 25-26, 615 A.2d 1040 (1992). "The notice need not be expressed with the fullness and exactness of a pleading."Lussier v. Dept. of Transportation, 228 Conn. 343, 636 A.2d 808
(1994). More specifically with reference to the injury, "a general description which will apprise the recipient of the nature of it is sufficient; and the extent of the burden of furnishing information upon that subject is to be determined by the circumstances of the case and with the view that this burden is not to be unreasonably increased by a demand for information which . . . could not reasonably be expected." (Citations omitted; internal quotation marks omitted.) Flynn v. FirstNational Bank Trust Co., 131 Conn. 430, 433, 40 A.2d 770
CT Page 8888 (1944).[1]
In the present case, the notice submitted by the plaintiff merely states that the plaintiff "sustained injuries". That description alone is a facially inadequate description that would warrant dismissal. See Brown v. Frankel, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 047477 (April 17, 1997, Flynn, J.). The plaintiff, however, also attached a police report which states that "the [plaintiff] suffered major chest and shoulder injuries." Thus, the court must address 1) whether the plaintiff may attach a police report to his notice and have that report serve as part of the required notice and 2) whether, if in fact he may do so, the injuries described therein comply with the requirements of 13a-144.
It is well-settled that "information provided by third party sources to the commissioner, no matter how precise, cannot cure defects in the plaintiff's notice." Bresnan v. Frankel,224 Conn. 23, 27, 615 A.2d 1040 (1992). In the present case, the police report, though originating from a third party, was expressly made part of the plaintiff's notice and sent to the commissioner by the plaintiff. The general rule reiterated in Bresnan is, accordingly, inapposite to the present situation.
In Tedesco v. Department of Transportation,36 Conn. App. 211, 650 A.2d 579 (1994), the court reversed the trial court's dismissal of a complaint on the grounds that the notice, pertaining specifically to location, was inadequate. In doing so, the court noted that the plaintiff's notice also contained a police report which also described the location of the alleged accident. Likewise, several superior courts have suggested that third party information attached to the notice is not, as a matter of law, inadequate, and may be considered in conjunction with the letter of notice as to whether the statutory requirements are met. See Wheeler v. Town of Granby, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 501606 (November 16, 1992, Walsh, J.) (finding that notice requirements were not met even after considering police report sent to defendant by the plaintiff); Przbyloski v. Boroughof Naugatuck, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 080251 (May 23, 1991, Gaffney, J.) (denying summary judgment; question of fact as to whether a letter written to the defendant, either alone or in combination with a police report, is adequate). See also Liu v. Frankel, Superior Court, judicial district of Hartford at Hartford, Docket No. 544645 CT Page 8889 (January 25, 1996, Corradino, J.) (striking a complaint after finding that the attached police report, which codified the plaintiff's injury as "disabling," did not specify the nature of the injury).
It appears, therefore, that the court may consider the attached police report to the notice for purposes of whether the plaintiff has sufficiently described his injuries pursuant to13a-144. The question that remains, nonetheless, is whether the description of the injuries contained in the report, i.e. "major chest and shoulder injuries," is sufficient to survive the defendant's motion to dismiss.
The courts' interpretations of what constitutes a valid description of the injury under both § 13a-144 and §13a-149 (the counterpart to the former section, making municipalities liable for highway defects) has varied throughout the years. One court has stated that in a description of the injury, the "requisite thing is to state, not how severely one was injured, but what part of his body was injured." Corona v.City of New Haven, 3 Conn. Sup. 308, 310, ___ A.2d ___ (1936). In direct contradiction, another court has held that notice must "utterly fail" when the notice merely stated that the claimant "received an injury to her knee." Dunn v. Ives, 23 Conn. Sup. 113,116, 177 A.2d 467 (1961). The courts have been consistent in holding that the notification of injury, while not as detailed as a complaint, must give a description that is beyond the mere assertion that the injury or damage occurred. Shine v. Powers,37 Conn. Sup. 710, 712, 435 A.2d 375 (Appellate Session of Superior Court, 1981). Thus, notice is inadequate as a matter of law in those situations where the plaintiff simply states that he has been injured. See Martin v. Plainville, 240 Conn. 105, 110,689 A.2d 1125 (1997); Marino v. East Haven, 120 Conn. 577, 578,182 A. 225 (1935).
Regardless, the courts have reiterated that the purpose of the notice is to allow the defendant to make such inquiry as deemed necessary and prudent. "Unless a notice, in describing the place or cause of an injury, patently meets or fails to meet this test, the question of its adequacy is one for the jury and not for the court, and the cases make clear that this question must be determined on the basis of the facts of the particular case."Lussier v. Department of Transportation, 228 Conn. 354 (1994).
In the present case, the police report accompanying the CT Page 8890 letter of notice describes "major" injuries to the chest and shoulder. Such a description is not patently defective so as to warrant a dismissal.
Though the plaintiff's description of his injuries, as set out in the incorporated police report, is not very specific, it is definitive enough to apprise the defendant of the seriousness of the accident and the parts of the body injured. The plaintiff may not always know or be able to detail the exact injury suffered within the time provided by § 13a-144. However, by detailing the parts of the body injured and the fact that the injury was serious, the plaintiff has removed its statutory written notice from the fatally defective "patently defective" category of cases. The motion to dismiss, therefore, is denied.
FLYNN, J.