ARMANDO SALGADO ET AL. *v.* COMMISSIONER OF
TRANSPORTATION ET AL.
(AC 28142)

Bishop, Harper and West, Js.

Argued January 2—officially released March 25, 2008

*Ronald D. Williams, Jr.*, for the appellants (named defendant et al.).

*Ralph W. Johnson III*, with whom, on the brief, were *Stephen P. Fogerty, Brett M. Szczesny* and *John C. Pitblado*, for the appellee (plaintiff Arrow Trucking Company, Inc.).

*Opinion*

HARPER, J. In this defective highway action, the defendants, two former commissioners of transportation, appeal from the judgment of the trial court denying their motion to dismiss the property damage and indemnification claims of the plaintiff Arrow Trucking Company, Inc.[1] The defendants maintain that, given the

---

[1] The plaintiffs, Armando Salgado and Arrow Trucking Company, Inc., filed a thirteen count complaint against Stephen Korta II and James F. Byrnes, Jr., both former commissioners of transportation, as well as against M. DeMatteo Construction Company, the Brunalli Construction Company, the Phi chapter of Delta Kappa Epsilon and the national fraternity, Delta Kappa Epsilon. The commissioners and Arrow Trucking Company, Inc., are the only parties to this appeal and, for convenience, are referred to as the defendants and the plaintiff, respectively.

notice requirements of the state defective highway statute, General Statutes § 13a-144,[2] the court improperly concluded that the plaintiff had provided adequate notice of its claims. The defendants also maintain that, because the plaintiff failed to provide notice under this exclusive statutory remedy, its indemnification claim is barred by the doctrine of sovereign immunity. We agree with the defendants and reverse the judgment of the trial court.

The record reveals the following undisputed facts and procedural history. On the morning of January 17, 2003, Armando Salgado was operating a tractor trailer truck in the northbound lanes of Interstate 95 in Fairfield. An initial accident occurred in which the tractor trailer crashed into and partially over the concrete median barrier separating the northbound and southbound lanes. The trailer portion of the rig, which was registered to the plaintiff, came to rest in a northbound lane. Shortly thereafter, a second accident occurred in which a northbound sport utility vehicle crashed into the trailer. Salgado and the occupants of the sport utility vehicle suffered personal injuries.[3] The plaintiff's trailer suffered property damage.

Salgado, represented by counsel, provided written notice of his personal injury claim to the commissioner of transportation within ninety days of the accidents,

[2] General Statutes § 13a-144 provides in relevant part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair . . . may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. . . ."

[3] Three of the occupants of the sport utility vehicle were killed instantly in the crash and a fourth subsequently died in Bridgeport Hospital.

indicating the general nature of his personal injuries and the time and place of the accidents. This notice did not describe the extent of the property damage to the plaintiff's trailer, nor did it indicate that the plaintiff intended to file a claim against the state.

On February 7, 2005, Salgado and the plaintiff jointly filed a thirteen count complaint against the defendants. The fifth count of the complaint set forth the plaintiff's defective highway action, pursuant to § 13a-144. The ninth count set forth a common-law indemnification action by both Salgado and the plaintiff, seeking indemnification for their settlement with the occupants of the sport utility vehicle.[4] The indemnification claim was based on a legal theory that the negligence of Salgado and the plaintiff, if any, was passive, while the state's negligence was active.

The defendants moved to dismiss the plaintiff's claims, asserting that, pursuant to the doctrine of sovereign immunity, the court lacked subject matter jurisdiction over (1) the defective highway claim because the plaintiff had failed to comply with the statutory notice requirements of § 13a-144 and (2) the plaintiff's common-law indemnification claim because § 13a-144 provided the exclusive remedy for injuries resulting from a defective road or bridge.

On October 10, 2006, the court heard oral arguments on the defendants' motion to dismiss and denied their motion in an oral ruling.[5] The court concluded that,

[4] The legal representatives of the nine occupants of the sport utility vehicle filed accident claims against Salgado and the plaintiff, which were settled prior to the commencement of this case.

[5] The plaintiff argues that we should decline to review the defendants' claims on appeal because the defendants, in presenting a record for review, did not provide this court with either a memorandum of decision or a signed transcript. See Practice Book §§ 60-5 and 64-1. Prior to oral argument, however, we received a signed transcript containing the court's oral decision. We have reviewed the transcript and conclude that it is adequate for our review.

because Salgado and the plaintiff shared the same legal representative and because inferences could be drawn from Salgado's notice that the plaintiff's trailer also had been damaged, there had therefore been adequate notice of the plaintiff's intent to file its claims. In denying the motion, the court did not specifically address the legal merits of the common-law indemnification claim. The defendants have appealed.

We begin by setting forth the applicable standard of review. "A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [Appellate] review of the court's ultimate legal conclusion and resulting [determination] of the motion to dismiss will be de novo. . . . Moreover, [t]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Citation omitted; internal quotation marks omitted.) *Filippi* v. *Sullivan*, 273 Conn. 1, 8, 866 A.2d 599 (2005).

We also reiterate our well established principle that a defective highway action is an exception to the state's common-law sovereign immunity from suit. Although the defendants are former state highway commissioners, "[a defective highway] action is, in effect, one against the state as a sovereign. . . . It is the established law of our state that the state is immune from suit unless the state, by appropriate legislation, consents to be sued. . . . The legislature waived the state's sovereign immunity from suit in certain prescribed instances by the enactment of § 13a-144. . . . [T]he state's sovereign right not to be sued without its consent is not to be diminished by statute, unless a clear intention to that effect on the part of the legislature is disclosed,

by the use of express terms or by force of a necessary implication. . . . There being no right of action against the sovereign state at common law, the plaintiff must prevail, if at all, under § 13a-144." (Citations omitted; internal quotation marks omitted.) *Baker* v. *Ives*, 162 Conn. 295, 297–98, 294 A.2d 290 (1972).

I

The defendants claim that the plaintiff failed to provide adequate notice under § 13a-144, and, therefore, the court lacked subject matter jurisdiction over the plaintiff's defective highway action. In effect, the defendants assert that each injured party must provide its own written notice of its intent to file an injury claim within ninety days of the accident in order to comply with the statutory requirements of § 13a-144, and that the plaintiff, in failing to do so, was barred by the doctrine of sovereign immunity from suing the defendants. The plaintiff contends that the court, in concluding that the plaintiff had provided adequate notice, properly relied on inferences reasonably drawn from Salgado's written notice and the observation that Salgado and the plaintiff shared joint representation. We reject the court's conclusion as a matter of law and agree with the defendants that the plaintiff failed to provide the requisite notice of its intent to file a claim.

Our Supreme Court's decision in *Warkentin* v. *Burns*, 223 Conn. 14, 610 A.2d 1287 (1992), controls. There, the court observed: "Section 13a-144 provides in relevant part that [n]o such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. The statute created a cause of action wholly unauthorized by the common law. . . . Thus, the statutorily required notice is

a condition precedent to the cause of action. . . . If this requirement is not met, no cause of action exists. . . . Moreover, [s]tatutes in derogation of sovereignty should be strictly construed in favor of the state, so that its sovereignty may be upheld and not narrowed or destroyed . . . .

"The requirement as to notice was not devised as a means of placing difficulties in the path of an injured person. The purpose [of notice is] . . . to furnish the commissioner with such information as [will] enable him to make a timely investigation of the facts *upon which a claim for damages* [*is*] *being made.* . . . The notice requirement is not intended merely to alert the commissioner to the occurrence of an accident and resulting injury, but rather to permit the commissioner to gather information to protect himself in the event of a lawsuit. . . . Sufficiency of the notice is to be tested with reference to the purpose of the notice, i.e., that a claim is being made. . . .

"We conclude that injured parties, to meet the requirements of the statute, must either individually or through a representative, notify the commissioner that they have filed or intend to file a claim against the state for damages caused by a defective condition." (Citations omitted; emphasis in original; internal quotation marks omitted.) Id., 17–18.

The *Warkentin* court further noted: "We do not decide that the notice must conform to any particular format. It must, however, reasonably construed, indicate (1) it is given by or on behalf of an injured party (2) who intends to claim damages." Id., 19 n.6; see *Murray* v. *Commissioner of Transportation*, 31 Conn. App. 752, 757 n.2, 626 A.2d 1328 (1993); *Greene* v. *Ives*, 25 Conn. Sup. 356, 358–60, 204 A.2d 412 (1964). Therefore, in order to satisfy the § 13a-144 notice requirement, notifying the commissioner that an accident has

occurred and that injuries have been sustained is necessary but insufficient. Each injured party must also place the commissioner on notice that it intends to claim damages, complying with the requirements of § 13a-144.

Our review of the record in this case reveals that the plaintiff failed to provide the commissioner with adequate notice of its claim. We disagree with the court's conclusion that the defendants reasonably could have inferred the plaintiff's intent to file a claim on the basis of clues in Salgado's notice and the fact that the plaintiff and Salgado shared legal representation.

The record reveals that Salgado's written notice consisted of a letter to the commissioner, dated April 17, 2003, and an attachment. In the letter, Salgado manifested his intent to pursue a personal injury claim under §13a-144, describing the time and location of the accident, and listing his physical injuries. The letter, however, did not describe property damage to the plaintiff's trailer, and it failed to mention the plaintiff's name. The attachment, a report by the public information office of the state police, dated January 17, 2003, the date of the accident, briefly described the accidents and listed the medical conditions of the nine occupants of the sport utility vehicle involved in the second accident. The report indicated that the trailer was involved in both accidents and that Salgado was operating "Vehicle #1" when he "lost control on the icy roadway." In the list of the three vehicles involved in the first accident, "Arrow Trucking Co." appears in the registration information for "Vehicle #1."

On the basis of the information in the report from the public information office, the defendants reasonably could have inferred that damage occurred to a trailer apparently registered to the plaintiff and that damage was caused to the trailer in each accident. The defendants could not have reasonably inferred, however, that

the plaintiff intended to file a claim against them. As we have previously indicated, a report of damage alone is insufficient notice of a party's claim under the defective highway statute. An injured party must also inform the commissioner of its *intent to file a claim.* "The notice requirement is not intended merely to alert the commissioner to the occurrence of an accident and resulting injury, but rather to permit the commissioner to gather information to protect himself in the event of a lawsuit." (Internal quotation marks omitted.) *Lussier* v. *Dept. of Transportation,* 228 Conn. 343, 354, 636 A.2d 808 (1994). Here, Salgado's notice may have alerted the defendants to the probability that the plaintiff's trailer was damaged, but it did not place them on notice that the plaintiff also intended to pursue a defective highway action.

To reason otherwise would lead to the conclusion that whenever an injured party, in filing notice of a claim under § 13a-144, refers to other injured parties, the commissioner of transportation would be under notice that all such parties intended to file claims against the state. Such a result does not comport with the public policy goals of the notice statute, which include providing the state with an early start in assembling evidence for its defense against meritless claims, as well as assisting it in settling claims promptly in order to avoid the expenses of litigation. See *Sanzone* v. *Board of Police Commissioners,* 219 Conn. 179, 198, 592 A.2d 912 (1991). Such reasoning also would contradict our well established tenet that the statute, as an exception to the doctrine of sovereign immunity, must be narrowly construed. *Bresnan* v. *Frankel,* 224 Conn. 23, 26 n.3, 615 A.2d 1040 (1992); *White* v. *Burns,* 213 Conn. 307, 312–13, 567 A.2d 1195 (1990); *Krozser* v. *New Haven,* 212 Conn. 415, 421, 562 A.2d 1080 (1989), cert. denied, 493 U.S. 1036, 110 S. Ct. 757, 107 L. Ed. 2d 774 (1990).

Under these same principles, the fact that the plaintiff and Salgado shared the same legal counsel is also unavailing. First, we note that Salgado's notice failed to indicate, even by inference, that he shared legal counsel with the plaintiff. Second, even if there had been an indication of common representation, this *would not* have excused the plaintiff from also providing notice of its own intent to file a claim. In other words, even when two or more parties share joint representation, the commissioner must at least receive written notice of which parties are claiming damages. In the present case, the defendants did not receive notice of the plaintiff's intent to do so.

In sum, the plaintiff failed to provide adequate notice of its claim under § 13a-144 as a matter of law. The court therefore lacked subject matter jurisdiction to consider the plaintiff's defective highway claim. Because the court improperly denied the defendants' motion to dismiss this claim, we reverse the judgment of the court in this regard.

II

In light of our conclusion that the court lacked subject matter jurisdiction over the plaintiff's defective highway action, we also reverse the court's denial of the defendants' motion to dismiss the plaintiff's indemnification claim. The defective highway statute is the sole and exclusive statutory exception to the doctrine of sovereign immunity. *Baker* v. *Ives*, supra, 162 Conn. 297–98. The plaintiff, having failed to meet the statutory notice requirements of § 13a-144, is barred from bringing a separate indemnity action on the basis of negligence. In short, the plaintiff's indemnification claim is precluded from adjudication as a matter of law.

The judgment is reversed and the case is remanded with direction to grant the motion to dismiss and to

render judgment dismissing counts five and nine only insofar as they raise claims by the plaintiff.

In this opinion the other judges concurred.