WILLIE MILLS *v.* COMMISSIONER
OF TRANSPORTATION ET AL.
(AC 34429)

Lavine, Beach and Schaller, Js.

Argued March 14—officially released May 21, 2013

*Ronald D. Williams, Jr.*, for the appellant (named defendant).

*Evan M. O'Hara*, with whom, on the brief, was *Alphonse J. Balzano, Jr.*, for the appellee (plaintiff).

*Opinion*

LAVINE, J. The named defendant, the commissioner of transportation,[1] appeals from the judgment of the trial court denying his motion to dismiss count one of the complaint of the plaintiff, Willie Mills, seeking damages for personal injuries allegedly sustained due to a highway defect. The defendant argues that the court improperly concluded that it had subject matter jurisdiction over the plaintiff's claims. Specifically, the defendant argues that the doctrine of sovereign immunity deprives the trial court of subject matter jurisdiction because the plaintiff failed to comply with the

---

[1] The state and the city of Milford also were named as defendants. The action was dismissed against the state on March 14, 2012—count two of the complaint. Summary judgment was rendered in favor of the city of Milford on July 19, 2010—count three of the complaint. Neither of these judgments are the subject of this appeal. Hereafter, we refer to the commissioner of transportation as the defendant.

requirements of General Statutes § 13a-144 to provide adequate notice of his filing or intent to file a claim against the state.[2] In light of the exacting statutory requirements as explicated by our Supreme Court, we agree with the defendant and reverse the judgment of the trial court.[3]

The record reveals the following facts and procedural history. On April 19, 2006, the plaintiff sustained injuries while operating a motorcycle that struck a large pothole on North Street in Milford. On June 22, 2006, the plaintiff provided the defendant with the written notice that is the subject of this appeal, in the form of a letter (notice letter).[4] On June 27, 2006, the defendant sent the plaintiff's counsel a letter in response, indicating that it had received the notice letter and would investigate the claim. On July 5, 2006, a third party administrator for

[2] Because we conclude that the trial court lacked subject matter jurisdiction, we do not address the defendant's alternate claim that the plaintiff commenced suit against an incorrect party.

[3] We note that generally, the "denial of a motion to dismiss is an interlocutory ruling and, therefore, is not a final judgment for purposes of appeal. . . . The denial of a motion to dismiss based on a colorable claim of sovereign immunity, by contrast, is an immediately appealable final judgment because the order or action so concludes the rights of the parties that further proceedings cannot affect them." (Citation omitted; internal quotation marks omitted.) *Miller* v. *Egan,* 265 Conn. 301, 303 n.2, 828 A.2d 549 (2003).

[4] The letter is addressed to the defendant personally, both in the inside address and the salutation. The first sentence of the letter states: "Please be advised that this law office has been retained by [the plaintiff] to file a Notice of Claim for Damages against the City of Milford."

Below this sentence, underlined, in all capital letters and boldface type font appears the headline, "notice of intention to sue," centered on the page.

Below this headline, the following paragraph appears: "Pursuant to Sections 13a-149 and/or 13a-144 of the Connecticut General Statutes, the [plaintiff] hereby gives notice of the personal injuries, losses and damages and intention to commence suit against the above parties. The [plaintiff] provides the following information in accordance with said statutes." A list of relevant facts, locations and dates follows.

The final sentence states as follows: "The [plaintiff] will claim damages from the above the City of Milford, its agents, servants and/or employees for the injuries, losses and all economic and non-economic damages allowed by law."

the state sent the plaintiff's counsel a letter apprising him of the status of the investigation into the plaintiff's claim.

The plaintiff commenced an action in April, 2008. The defendant filed a motion to dismiss count one of the complaint, alleging that sovereign immunity barred the plaintiff's claims. The plaintiff objected to the motion, filing a memorandum in opposition to the motion. Among other things, the defendant contended that the plaintiff had failed to comply with the statutory notice requirements of § 13a-144, and that without such notice, no cause of action existed. In particular, the defendant contended that the letter failed to provide the defendant with notice that the plaintiff intended to file a claim against the state, as opposed to a claim against the city of Milford.

In January, 2012, the court heard oral arguments on the defendant's motion to dismiss and denied the motion in a memorandum of decision filed in March, 2012. The court concluded that the notice sufficiently "serve[d] the statutory purpose of providing such warning as would prompt the [defendant] to make such inquiries as he might deem necessary or prudent for the preservation of his interests." The court noted that "[i]f the plaintiff intended to pursue a claim only against Milford, there was no reason for him to send a notice of claim to the [defendant] in the first place." Additionally, the court accorded significant weight to the fact that "the defendant does not claim that [he] was in any way misled by th[e] notice. [The defendant] does not claim that, in reliance on the information in the notice, the [defendant] did not investigate the claim, make inquiries, or obtain such information as he might deem helpful . . . in the event [that] the plaintiff . . . commenced an action seeking damages from the state." The defendant has appealed.

We review the relevant legal standards. "[B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *Haworth* v. *Dieffenbach*, 133 Conn. App. 773, 779, 38 A.3d 1203 (2012). "[T]he doctrine of sovereign immunity implicates subject matter jurisdiction and is therefore a basis for granting a motion to dismiss." (Internal quotation marks omitted.) *Cox* v. *Aiken*, 278 Conn. 204, 211, 897 A.2d 71 (2006).

"The legislature waived the state's sovereign immunity from suit in certain prescribed instances by the enactment of § 13a-144." (Internal quotation marks omitted.) *Salgado* v. *Commissioner of Transportation*, 106 Conn. App. 562, 566, 942 A.2d 546 (2008). "[S]tatutes in derogation of sovereign immunity should be strictly construed. . . . Where there is any doubt about their meaning or intent they are given the effect which makes the least rather than the most change in sovereign immunity." (Internal quotation marks omitted.) *C. R. Klewin Northeast, LLC* v. *Fleming*, 284 Conn. 250, 259, 932 A.2d 1053 (2007); see also *Bresnan* v. *Frankel*, 224 Conn. 23, 26–27, 615 A.2d 1040 (1992) (applying principle to notice requirement of § 13a-144).

The notice requirement contained in § 13a-144 is a condition precedent and prevents the destruction of sovereign immunity if its requirements are not met. *Lussier* v. *Dept. of Transportation*, 228 Conn. 343, 354, 636 A.2d 808 (1994). "[I]njured parties, to meet the requirements of [§ 13a-144], must either individually or through a representative, notify the commissioner that they have filed or intend to file a claim against the state for damages caused by a defective condition." *Warkentin* v. *Burns*, 223 Conn. 14, 18, 610 A.2d 1287 (1992). "The notice [mandated under § 13a-144] is to be tested with reference to the purpose for which it is required. . . . The [notice] requirement . . . was not

devised as a means of placing difficulties in the path of an injured person. The purpose [of notice is] . . . to furnish the commissioner with such information as [will] enable him to make a timely investigation of the facts upon which a claim for damages [is] being made. . . . The notice requirement . . . permit[s] the commissioner to gather information to protect himself in the event of a lawsuit. . . . [In other words] [t]he purpose of the requirement of notice is to furnish the [commissioner] such warning as would prompt him to make such inquiries as he might deem necessary or prudent for the preservation of his interests, and such information as would furnish him a reasonable guide in the conduct of such inquiries, and in obtaining such information as he might deem helpful for his protection. . . . Unless a notice, in describing the place or cause of an injury, patently meets or fails to meet this test, the question of its adequacy is one for the jury and not for the court, and . . . this question must be determined on the basis of the facts of the particular case." (Citation omitted; internal quotation marks omitted.) *Filippi* v. *Sullivan*, 273 Conn. 1, 9, 866 A.2d 599 (2005).

The defendant argues that the plaintiff failed to provide adequate notice under § 13a-144 and that the court lacked subject matter jurisdiction over the plaintiff's claim. Specifically, the defendant argues that on the face of the notice letter, the plaintiff only provided notice that he intended to sue the city of Milford, instead of the state. We agree with the defendant.

Section 13a-144 provides in relevant part that "[n]o such action [for injuries caused by a defective highway] shall be brought . . . unless notice of such injury . . . has been given in writing within ninety days thereafter to the commissioner." Our Supreme Court has interpreted this to mean "that injured parties . . . must . . . notify the commissioner that they have filed or intend to file a claim *against the state* for damages caused by

a defective condition." (Emphasis added.) *Warkentin* v. *Burns*, supra, 223 Conn. 18. In the present case, nowhere in the notice letter does the plaintiff allege that he filed or intended to file a claim against the state. The plaintiff plainly and repeatedly notified the defendant "of [a] [c]laim for [d]amages against the [c]ity of Milford." Because the notice requirements of § 13a-144 are strictly construed, we conclude that the letter fails to satisfy the statutory requirements as our Supreme Court has interpreted them.

The trial court accorded substantial weight to the fact that the notice letter did not actually mislead the defendant. Although that fact is relevant to determining whether the letter provided adequate notice, before making such a determination, a trial court must address whether a purported notice patently fails to meet the statutory requirement as a matter of law. See *Bresnan* v. *Frankel*, supra, 224 Conn. 27–28. Without more, actual notice is not sufficient to satisfy the requirements of § 13a-144 as a matter of law. See id., 26 n.3 (declining to consider whether failure of notice actually misled commissioner).

Our conclusion is consistent with our Supreme Court's decision in *Warkentin* v. *Burns*, supra, 223 Conn. 14. In that case, the commissioner received actual notice about a fatal motor vehicle accident from multiple third party sources, including two state representatives and a resident of the town where the accident occurred. Id., 17 n.5. Nevertheless, our Supreme Court determined that this constituted inadequate notice that the estate of the decedent would file a claim against the state: although the communications provided details about the accident, the injured party failed to notify the commissioner that a claim would be made. Id., 19. Likewise, in the present case, although the notice letter provides ample details about the accident, it does not

provide notice that the plaintiff intended to bring an action against the state.

We reject the trial court's conclusion that the reference in the notice letter to an "intention to commence suit against the above parties," in the plural, satisfies the statutory requirements of § 13a-144 because the defendant is referenced in the address and the salutation. The notice letter otherwise twice identifies the city of Milford as the entity against which a claim for damages would be filed; see footnote 4 of this opinion; and the phrase "parties" alone is insufficient to meet the strictly construed requirements of § 13a-144. Similarly, given this exclusive identification of Milford as the entity against which a claim of damages would be filed, we reject the plaintiff's contention that the mere reference in the notice letter to § 13a-144 provides notice that the plaintiff intended to sue the state. This argument is contrary to the plain language of the notice letter.

The notice letter does not satisfy the requirement of § 13a-144 that the plaintiff notify the defendant that he filed or intended to file a claim against the state for damages caused by a defective condition. See *Warkentin* v. *Burns*, supra, 223 Conn. 18. Accordingly, we conclude that sovereign immunity bars the plaintiff's claims and deprives the trial court of subject matter jurisdiction over them.

The judgment is reversed and the case is remanded with direction to render judgment dismissing the action against the defendant.

In this opinion the other judges concurred.