******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

WILLIE MILLS *v.* COMMISSIONER OF
TRANSPORTATION ET AL.
(SC 19163)

Rogers, C. J., and Palmer, Zarella, Eveleigh, McDonald, Espinosa and
Robinson, Js.

Argued September 15—officially released October 21, 2014

*Alphonse J. Balzano*, with whom was *Brian Alteri*,
for the appellant (plaintiff).

*Ronald D. Williams, Jr.*, for the appellee (named
defendant).

*Opinion*

PER CURIAM. The plaintiff, Willie Mills, appeals, upon our grant of his petition for certification,[1] from the judgment of the Appellate Court reversing the judgment of the trial court and remanding the case to that court with direction to render judgment dismissing his highway defect action against the named defendant, the Commissioner of Transportation.[2] *Mills* v. *Commissioner of Transportation*, 142 Conn. App. 785, 792, 68 A.3d 118 (2013). On appeal, the plaintiff contends that the Appellate Court improperly concluded that the trial court lacked subject matter jurisdiction on the ground that the General Statutes § 13a-144[3] notice letter that he sent to the defendant was defective as a matter of law because, although it provided "ample details" about the motor vehicle accident giving rise to the claim, its face indicated only his intent to bring an action against the city of Milford, rather than the state. See id., 791–92.

After examining the entire record on appeal and considering the briefs and oral arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.

[1] We granted the plaintiff's petition for certification limited to the following issue: "Did the Appellate Court properly conclude that the General Statutes § 13a-144 notice sent to the named defendant in this matter was inadequate, and required a reversal of the trial court's denial of the named defendant's motion to dismiss?" *Mills* v. *Commissioner of Transportation*, 309 Conn. 913, 69 A.3d 308 (2013).

[2] As the Appellate Court noted, "[t]he state and the city of Milford also were named as defendants. The action was dismissed against the state on March 14, 2012 . . . . Summary judgment was rendered in favor of the city of Milford on July 19, 2010 . . . . Neither of these judgments are the subject of this appeal. Hereafter, we refer to the commissioner of transportation as the defendant." *Mills* v. *Commissioner of Transportation*, 142 Conn. App. 785, 786 n.1, 68 A.3d 118 (2013).

[3] General Statutes § 13a-144 provides in relevant part: "Any person injured in person or property through the neglect or default of the state or any of its employees by means of any defective highway, bridge or sidewalk which it is the duty of the Commissioner of Transportation to keep in repair, or by reason of the lack of any railing or fence on the side of such bridge or part of such road which may be raised above the adjoining ground so as to be unsafe for travel or, in case of the death of any person by reason of any such neglect or default, the executor or administrator of such person, may bring a civil action to recover damages sustained thereby against the commissioner in the Superior Court. No such action shall be brought except within two years from the date of such injury, nor unless notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence has been given in writing within ninety days thereafter to the commissioner. . . ."